Morris Atlas and Perry Jones, McAllen, represented Relator by Appointment in developing the facts in the District Court, however neither of them filed a brief in this Court.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Presiding Judge.

Petitioner made an application for writ of habeas corpus to this Court alleging that he had been coerced into pleading guilty in the 92nd District Court of Hidalgo County.

This Court ordered the judge of said court to develop the facts. This has been done. The appellant was represented at the hearing, and a statement of facts consisting of 356 pages has been forwarded to this Court. Petitioner testified fully concerning the alleged brutality which was inflicted upon him prior to the time he entered a plea of guilty to the offense of forgery.

The State called as witnesses all those whom the appellant named as having taken part in coercing him into entering such plea, and each of them denied any illegal conduct toward petitioner.

In determining if a denial of due process has occurred, this Court, as well as the Supreme Court of the United States, arrives at a conclusion by an independent examination of the undisputed facts. McHenry v. State, Tex.Cr.App., 293 S.W.2d 773. We find none of any probative force in the record before us here.

The writ of habeas corpus is denied.

George B. PARR, Appellant,

v.

The STATE of Texas, Appellee.

No. 29076.

Court of Criminal Appeals of Texas.

Nov. 20, 1957.

Percy Foreman, Houston, Luther E. Jones, Corpus Christi, for appellant.

Sam Burris, Dist. Atty., Alice, Sidney P. Chandler, and Samuel C. Ratliff, Assts.

Atty. Gen., Wallace T. Barber, Dist. Atty., San Marcos, H. A. Triesch, County Atty., New Braunfels, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is conspiracy to commit a felony; the punishment, five years.

The indictment under which appellant was tried and convicted is the identical indictment which this Court, by the majority opinion in Donald v. State, 306 S.W.2d 360, held to be invalid because it showed upon its face that the offense charged was barred by limitation. The writer's views on the question are set forth in that case.

The disposition of this appeal is governed by the Donald case in which mandate has issued.

The judgment is reversed and the prosecution is ordered dismissed.