**Clem H. LEE, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 39247.**

Court of Criminal Appeals of Texas.

April 6, 1966.

Jack C. Morgan, Kaufman, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is burglary with two prior non-capital convictions alleged for enhancement; the punishment, life. Our original opinion dismissing the appeal is withdrawn and the following substituted in lieu thereof.

Appellant has furnished this Court with a supplemental transcript affirmatively showing that his notice of appeal was entered of record in the criminal minutes of the district court as required by Article 827, Vernon's Ann.C.C.P. We will therefore now proceed to consider the case on its merits.

The evidence adduced in behalf of the State reflects that Mancil Smith on returning to his service station on the night in question noticed that the lights were out in the grease and wash rack and that two men, without his permission, were loading tires therefrom into a truck which had been driven into the station. A window on the side of the station had been broken; after gaining entry through this portal, the garage doors could be easily opened to allow entry of the truck. Smith then went to the police station and summoned Dispatcher Pitts, who returned to the building with him. As they appeared on the scene, Officer McGehee, who had been called by radio, arrived at the rear door of the station and observed the appellant pull the rear door down and run for the front door. Pitts and Smith, who had arrived at the front of the station, saw the appellant run through the station office and jump through the plate glass door, at which time he was apprehended.

Beside the station a truck was found containing some thirty Atlas tires.

Appellant, testifying in his own behalf, admitted that on his plea of guilty he had been convicted of offenses in 1956 and 1959 and had served his time on each. He further testified that while watching television on the night in question a boy had come by his mother's house and offered him "about $50" to help him load some tires, that he had agreed and that the station was open and lighted when he had loaded the tires. He testified that he saw the officers drive up and had pushed on the front door and fallen through it.

■ The jury resolved the conflict in the testimony against appellant, and we find the evidence sufficient to sustain the conviction.

■ Appellant first contends that the trial court erred in failing to grant his motion to quash the indictment on the ground that the list of grand jurors selected by the jury commissioners showed an impossible date in that it stated that during the July Term, 1965, the commissioners selected the grand jurors who were to serve at the February Term of 1965.

The appellant's bill of exception number one affirmatively shows that District Clerk Robinson made a clerical error in transcribing the list and that the sealed envelope filed January 14, 1965, whereupon were affixed the names of the jury commissioners contained the following writing: "The List of Grand Jurors selected at the July Term, 1964, for the February Term of 1965, of the District Court. * * *" Viewed in this light we find no reversible error in the trial court's refusal to grant the motion to quash.

■ The appellant next complains that the State was allowed to read the enhancement allegations of the indictment over his objection. The record does reflect that the State read the indictment; however, nowhere does the record reflect that appellant objected to the reading of the prior conviction alleged for enhancement or offered to stipulate thereto. Such contention is overruled. Taylor v. State, Tex.Cr.App., 398 S.W.2d 559.

■ The appellant next contends that the trial court erred in allowing evidence of appellant's previous burglary convictions alleged for enhancement because there was no final conviction in either. The basis for

such argument as we understand it is that each of the individual judgments of conviction in the causes were not signed by the trial court.

The record reflects that the trial court signed the judgments en masse by affixing to them the following certifications. In the first cause alleged for enhancement:

"The foregoing 38 entries examined and approved in open court, this 23 day of June, 1956.

Attest: Mrs. Elworth Robinson
Clerk, District Court, Kaufman County, Texas

A. A. Dawson
Judge, 86th Judicial District."

In the second cause alleged for enhancement:

"The foregoing 20 entries examined and approved in open court, this 1st day of February, 1960.

Attest: Mrs. Elworth Robinson
Clerk, District Court, Kaufman County, Texas

A. A. Dawson

Judge 86th Judicial District of Texas."

It was shown by the testimony of District Clerk Robinson that the judgments in question were included within the above certifications. We find this authentication sufficient to make the judgment complete and final. It should also be noted that the appellant admitted that he had served the first prior conviction alleged.

We find no merit in appellant's contention that reversible error is reflected in the argument of the prosecutor that the evidence showed that each time appellant got out of Huntsville, he got into further trouble.

In testing the sufficiency of the evidence to support the enhancement allegations, the record reveals that under the majority rule in Rogers v. State, 169 Tex.Cr. R. 239, 333 S.W.2d 383, the State failed to prove as alleged in the indictment that the second prior burglary conviction in 1959 was a conviction for an offense committed by appellant after his burglary conviction in 1956.

It is the majority rule that the date on or about which the offense is alleged in the indictment to have been committed in the 1959 conviction is not proof of the date of the offense. An indictment for burglary may be presented within five years, but not afterwards. Article 179, V.A.C.C.P. The writer has in Rogers v. State, supra, and later cases failed to agree with such holding, but the majority rule prevails, and this conviction under Article 63, Vernon's Ann. P.C. cannot be upheld.

The judgment is therefore reformed under Article 62, V.A.P.C. to provide for appellant's confinement in the Texas Department of Corrections for a period of twelve years. Hamilton v. State, Tex.Cr.App., 397 S.W.2d 225.

As reformed, the judgment is affirmed.