Curtis Columbus **JONES**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 45099.

Court of Criminal Appeals of Texas.

July 19, 1972.

Melvyn Carson Bruder, Dallas (Court appointed on Appeal), for appellant.

Henry Wade, Dist. Atty., Robert T. Baskett, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is breaking and entering an automobile with the intent to commit theft with two prior offenses of the same nature

alleged for enhancement; the punishment, life.

Appellant's second and third[1] grounds of error relate to the exclusion of evidence. Appellant first contends that the court should have permitted the arresting officer to answer if, from his experience, "logically, someone wanting to steal something would also hit the glove compartment." The court sustained the State's objection to the inquiry. The offense charged in the indictment is complete when the "vehicle" is broken into with "intent of committing a felony or the crime of theft." It is not necessary that there be a taking of property. Martinez v. State, Tex.Cr. App., 469 S.W.2d 185. Therefore, whether or not the appellant took anything from the glove compartment is not determinative. Further, since the complaining witness testified that the glove compartment was locked, we are unable to determine how the court's ruling could reflect reversible error.

Appellant next contends that the court erred in not permitting him to establish that the defense witnesses had been interviewed separately by counsel and not in each other's presence. Although the objection was sustained, the appellant's next question, to which there was no objection and to which he received an answer, was substantially the same as the earlier one. No error is shown.

Appellant's fourth ground of error is that the court erred in declining to grant him the right to conduct a secret ballot poll of the jury. We do not construe Art. 37.-05, Vernon's Ann.C.C.P., as authorizing that which appellant requested. No reversible error is shown.

Appellant's fifth ground of error relates to the proof of his prior convictions. He claims that appellant's fingerprints, taken to compare with those in his "prison packets," were secured "prior to

1. Appellant's grounds of error will not be discussed in the order they are briefed.

the trial in this cause and, therefore, had no probative value. . . . " The State introduced a set of prints into evidence which had the date January 7, 1969 on them. However, the officer who took the prints, testifying on January 8, 1970, stated that the date on the prints was an error and that they had actually been taken by him the previous day, January 7, 1970. He also positively identified the appellant as the man from whom he took the prints. No error is shown under the circumstances.

■■ Appellant's sixth ground of error is that the punishment was cruel and excessive since the amount of money stolen was less than a dollar. Appellant was found guilty of breaking and entering a motor vehicle with intent to commit theft. The State is not required to prove any actual taking. Martinez v. State, supra.

■ Appellant's last ground of error is that he was prejudiced by the admission of testimony that he lived at least six different places in ten years. Appellant's objection to the testimony was sustained. Appellant requested no further relief. It is well settled that appellant must continue to object until he receives an adverse ruling. Burks v. State, Tex.Cr.App., 432 S.W.2d 925.

■ Appellant's first ground of error relates to testimony concerning another offense. He claims that testimony by Dallas Police Officer Strebeck, at the punishment phase of the trial, that he arrested the appellant on June 29, 1964, at "Carpenter and Oakland Streets" for "unlawful entry into a motor vehicle with intent to commit the crime of theft," was evidence of a prior

arrest without proof that it resulted in a prior conviction and was, therefore, violation of Art. 37.07, V.A.C.C.P. The record reflected appellant did not object to the officer's testimony and, consequently, nothing is presented for review. Vera v. State, Tex.Cr.App., 473 S.W.2d 22; Jackson v. State, Tex.Cr.App., 477 S.W.2d 879, (March 22, 1972).

However, the indictment alleged that the appellant had been previously convicted of felony theft on August 5, 1960, in Criminal District Court No. 3 of Dallas County; that after such conviction became final, he was convicted of "unlawful entry into a motor vehicle with intent to commit crime of theft," in Criminal District Court No. 3 of Dallas County on October 12, 1964, and that after such conviction had become final, the instant or primary offense of breaking and entering a motor vehicle had been committed on September 3, 1969.

The record reflects that the State proved the prior convictions alleged in the indictment by introducing "prison packets" from the prior convictions plus a comparison of the appellant's fingerprints with those in the packets. Vessels v. State, Tex.Cr.App., 432 S.W.2d 108; Childress v. State, Tex. Cr.App., 472 S.W.2d 133.

■ In order to invoke the provisions of Art. 63, Vernon's Ann.P.C., it is also necessary to prove that each succeeding offense was committed after the conviction for the preceding offense became final. Hutchinson v. State, Tex.Cr.App., 481 S. W.2d 881 (May 31, 1972). In the case at bar there is insufficient proof that the second conviction alleged was for an offense committed by the appellant after the first prior conviction became final.[2] Rogers v.

2. Apparently the State called Officer Strebeck to show that the second offense was committed after the first prior conviction became final. His testimony was the only evidence offered to prove that fact. However, his testimony did not affirmatively connect his arrest of the appellant on June 29, 1964, with appellant's conviction on October 12, 1964. The in-

dictment for the second prior conviction was not introduced, the name of the complainant is not shown, etc. There is, thus, no showing that the offense for which Officer Strebeck arrested the appellant served as a basis for the second prior conviction. Further, without the indictment, it is not possible to utilize the statute of limitations to supply the proof.

State, 169 Tex.Cr.R. 239, 333 S.W.2d 383. However, since the second prior conviction is for an offense of the same nature as the primary offense, the conviction can be sustained under Article 62, V.A.P.C. The judgment and sentence are, therefore, reformed to provide for appellant's confinement in the Department of Corrections for a period of three (3) years.

As reformed, the judgment is affirmed.

See Childress v. State, supra. There is also no recitation in the 1964 judgment of the date on which the offense occurred which would be sufficient to establish the

date for the purposes of the enhancement allegation. Espinosa v. State, Tex.Cr. App., 463 S.W.2d 8.