Roberto RASCON, Appellant,

v.

The STATE of Texas, Appellee.

No. 46357.

Court of Criminal Appeals of Texas.

June 13, 1973.

Wellington Y. Chew, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., Gary B. Weiser, Asst. Dist. Atty., El Paso, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This appeal is from a conviction for burglary where the punishment, enhanced under Article 63, Vernon's Ann.P.C., was assessed at life.

Initially we shall consider appellant's contention that the evidence is insufficient to sustain his conviction for burglary.

The State's evidence reflects that Alfonso Borunda and Andres Carrillo, El Paso Police Officers, got off duty about 10:30 p. m. on June 23, 1971. Borunda, in uniform, agreed to drive Carrillo, in mufti, to his car which was parked by a J. C. Penney store. While on their way, they heard the sound of "a crash, sounding of glass" and turned right on Stanton Street and observed the appellant and Juan Coronado in front of the Union Furniture Store each holding a television set with tags attached. As the officers approached the appellant ran, tripped and fell and was apprehended by Officer Borunda while Coronado was taken into custody by Officer Carrillo. Borunda expressed the opinion that the appellant was intoxicated.

Upon investigation the officers found the glass front door of the Union Furniture Store broken with broken glass both inside and outside the store.

Arthur Lesser, Assistant Manager of the store in question, related that he had care, custody, and control of the store and all of its inventory at the time of the alleged offense, and that he did not give the appellant or anyone else consent or permission to break and enter the store or take anything therefrom. He identified the television sets recovered as belonging to the store.

Albert Redwine, another employee, also identified the television sets.

Testifying in his own behalf, the appellant related he had been across the border in Juarez drinking and, after he returned to El Paso around 10 p. m., he observed two television sets "in a doorway" and didn't know whether they were "good or bad" and that shortly thereafter he encountered Juan Coronado whom he asked to help with the television sets, and that he was carrying one when the officers approached. He denied that he ran but claimed he tripped on a cord attached to the television set he was carrying. He denied seeing any tags on the television sets or seeing any broken glass in front of the store.

Coronado testified for the defense and revealed that the appellant offered him $10.00 to assist him in carrying the television sets to his home, that the appellant appeared intoxicated and had difficulty leading the way to the place where the television sets were. He disclaimed any knowledge that the sets were stolen.

The court charged the jury on the law of circumstantial evidence and we conclude the evidence is sufficient to support the verdict.

■ It is well settled that where the evidence shows a burglary of a house by someone the accused's unexplained possession of some or all of the property recently stolen from the house is sufficient to sustain a conviction. Beard v. State, 458 S. W.2d 85 (Tex.Cr.App.1970), and cases there cited. See also Thomas v. State, 459 S.W. 2d 842 (Tex.Cr.App.1970) ; 4 Branch's Ann. P.C.2d ed. § 2535, p. 866; 10 Tex.Jur.2d Burglary §§ 87–92, pp. 247–258.

■ Appellant relies on the rule stated in 24 Tex.Jur.2d Evidence § 745, p. 427 that

"[w]here circumstantial evidence relied on by the prosecution is obviously weak, and where the record on appeal affirmatively shows not only that other testimony which would have cast additional light on the facts was available to the prosecution, but also that the prosecution did not introduce such other evidence or satisfactorily account for its failure to do so, the appellate court will treat the case as one showing reasonable doubt of the sufficiency of the evidence to support the conviction. . . ."

See Ysasaga v. State, 444 S.W.2d 305 (Tex.Cr.App.1969).

Appellant bases his contention on the fact that there was much testimony concerning broken glass and the testimony reflects no fingerprints were taken for as Officer Borunda testified, "I didn't think at the time it was necessary . . . ."

We cannot agree that the rule relied upon by appellant has application. First, this is not an obviously weak circumstantial evidence case, and, second, even if it was, the rule is inapplicable by its very terms. The evidence of fingerprints, if any, was not available to the State since no effort was made to lift such fingerprints, if any.

■ Next, appellant complains that the prosecution, in bad faith, impeached him by use of remote prior convictions.

On direct examination in a March 28, 1972, trial, the appellant testified that he had "a bad record" and had been convicted of a burglary twenty-five years ago and that counsel had advised him that he could be impeached.

On cross-examination he admitted he had been four times convicted of shoplifting on March 29, June 1, August 31, and November 17, 1970; that he had been convicted in federal court in California for uttering and possessing a counterfeit note on June 16, 1959, and for mail theft in 1955, and for burglary in California on April 22, 1943.

To none of this cross-examination do we find any objection. Appellant apparently relies upon fundamental error.

In 62 Tex.Jur.2d Witnesses § 273, p. 248, it is written:

"The question of remoteness is usually determined in the light of the particular facts of each case, especially regarding subsequent conduct of convict; the youthfulness of the witness when he committed the offense is also an important consideration. In any event, the question is one addressed largely to the discretion of the trial court, and no hard and fast rule or period of time may be fixed. It has, on the other hand, been held that where there is evidence showing a lack of reformation, or in any event the subsequent conviction of another felony, the prior conviction is not deemed subject to the objection of remoteness.

"It is further held that, in determining whether the conviction is too remote to be available for impeachment time is considered to run from the time of release from prison."

See Bustillos v. State, 464 S.W.2d 118 (Tex.Cr.App.1971); Beard v. State, 456 S.W.2d 82 (Tex.Cr.App.1970).

In light of the fact that the appellant volunteered he had a twenty-five-year old conviction, that there was no objection to the cross-examination as to the prior convictions, and that there was evidence of a lack of reformation, subsequent felony convictions, etc., we do not conclude that the rule of remoteness applies to the 1959 federal conviction and the 1943 California burglary conviction as contended by the appellant or that any error is presented.

Appellant also contends that reversible error was committed when the State failed to introduce certified copies of the judgments and sentences of the prior convictions alleged for enhancement of punishment under Article 63, Vernon's Ann.P.C.

These two convictions were for the 1959 federal offense of uttering and passing a counterfeit note conviction and the 1943 California burglary conviction.

The use of certified copies of judgments and sentences of prior convictions, usually in connection with prison packets including fingerprints, photographs, etc., along with the testimony of a fingerprint expert that known prints of the accused are the same or identical with the fingerprints contained in the prison packet, is only one way of proving prior convictions. See Wheat v. State, 442 S.W.2d 363 (Tex. Cr.App.1969); Brumfield v. State, 445 S.W.2d 732, 740 (Tex.Cr.App.1969).

In the instant case the appellant, at the guilt stage of the trial, admitted those convictions and sufficiently identified them so as to satisfy the allegations of the indictment, and there was no need for the State to prove again at the punishment hearing before the court the same allegations by offering certified copies of judgments and sentences, etc. Cf. Branch v. State, 445 S.W.2d 756 (Tex.Cr.App.1969).

Lastly, appellant complains that he was denied the effective assistance of counsel at his trial.

The principal contention is that appointed counsel made only two objections during the trial and those being rather general in nature.

". . . This Court has consistently held that the constitutional right to counsel does not mean errorless counsel and counsel is not to be judged ineffective by hindsight. Johnson v. State, Tex.Cr. App., 421 S.W.2d 918; Fletcher v. State, Tex.Cr.App., 396 S.W.2d 393." Garcia v. State, 436 S.W.2d 911, 912 (Tex.Cr. App.1969).

The test for determining whether a defendant was denied the effective assistance of appointed counsel at trial is whether representation by counsel was so inadequate as to make the trial a farce and a mockery of justice. See Brooks v. State, 473 S.W.2d 30, 31 (Tex.Cr.App.1971), and cases there cited.

After carefully examining the record and applying the foregoing test, we cannot agree that the appellant was denied the effective assistance of counsel.

The judgment is affirmed.