Carl WIGGINS, Appellant,

v.

The STATE of Texas, Appellee.

No. 51538.

Court of Criminal Appeals of Texas.

July 19, 1976.

William W. Keas, Jr., Corpus Christi, for appellant.

William B. Mobley, Jr., Dist. Atty., and J. Grant Jones, Asst. Dist. Atty., Corpus Christi, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

The offense is robbery under Art. 1408, V.A.P.C. (1925); the punishment, enhanced under V.T.C.A. Penal Code Sec. 12.42(d), life.

The indictment alleged appellant committed the primary offense of robbery and had previously been convicted of robbery in Cause No. 60,145 in the District Court of Tarrant County, Texas, on March 11, 1958, and of felony theft in Cause No. 46,298 in the District Court of Tarrant County, Texas, on November 27, 1945.

Appellant contends "the State failed to show that the second previous felony conviction was for an offense that occurred subsequent to the first previous conviction having become final." In its brief, the State recites "the State agrees that the evidence does not support a finding that the offense relating to the 1958 conviction (State's Exhibit 18) occurred after the 1945 conviction (State's Exhibit 19)." The State contends, however, that the evidence is sufficient to sustain conviction under Art. 62, V.A.P.C. since "appellant did not file a mo-

tion to be punished under the new Penal Code." The State misreads the record. Appellant timely filed a "Motion for Severability of Punishment" requesting the court "to instruct the jury to assess punishment under the new Act, effective January 1, 1974." The court charged the jury on the law applicable to second degree felonies, V.T.C.A. Penal Code, Sec. 12.33, and to habitual felony offenders, V.T.C.A. Penal Code, Sec. 12.42(d). The State's contention is not supported by the record.

Sec. 12.42(d), supra, provides:

"If it be shown on the trial of any felony offense that the defendant has previously been finally convicted of two felony offenses, *and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final,* on conviction he shall be punished by confinement in the Texas Department of Corrections for life." (Emphasis added)

The showing that a second previous felony conviction occurred subsequent to the finality of the first prior conviction was also a requirement under Art. 63, V.A.P.C. See *Rogers v. State,* 168 Tex.Cr.R. 306, 325 S.W.2d 697; *Rogers v. State,* 169 Tex.Cr.R. 239, 333 S.W.2d 383; *Lee v. State,* Tex.Cr. App., 400 S.W.2d 909; *Jones v. State,* Tex. Cr.App., 422 S.W.2d 183; *Jones v. State,* Tex.Cr.App., 482 S.W.2d 634; *Tyra v. State,* Tex.Cr.App., 534 S.W.2d 695.

As conceded by the State, the evidence does not show the required sequence of events for enhancement under Sec. 12.42(d), supra. Although the error relates to punishment only, punishment was tried before the jury. *Bray v. State,* Tex.Cr.App., 531 S.W.2d 633.

For the error cited, the judgment is reversed and the cause remanded.

GUPTON, Judge (dissenting).

The majority reverses this conviction because the State failed to show that appellant's 1958 conviction in Cause No. 60,145 was for an offense which occurred subsequent to his 1945 conviction in Cause No. 46,298, both convictions having been had in

the District Court of Tarrant County, Texas. I disagree, and therefore, dissent.

The indictment alleged appellant committed the primary offense of robbery and had previously been convicted of robbery in Cause No. 60,145 in the District Court of Tarrant County, Texas, on March 11, 1958, and of felony theft in Cause No. 46,298 in the District Court of Tarrant County, Texas, on November 27, 1945.

The evidence must show the offense for which appellant was convicted in Cause No. 60,145 occurred after the conviction in Cause No. 46,298 became final. The evidence in the present case is sufficient.

Authenticated copies of appellant's prison record, including copies of the judgment and sentence in Cause Nos. 60,145, 60,146, 59,847, and 46,298 were introduced at the punishment phase of the trial under Art. 3731a, V.A.C.S. The pen packet also contained a biographical data card, a photograph of appellant, and a copy of his fingerprints. A fingerprint expert testified that the fingerprints in the pen packet were the same as fingerprints recently taken from appellant. This method of proof of establishing as a historical fact the prior convictions alleged has been consistently approved by this Court. *Jackson v. State,* Tex.Cr. App., 449 S.W.2d 279; *Rascon v. State,* Tex. Cr.App., 496 S.W.2d 99.

Appellant testified at the punishment phase of the trial. He admitted he was the same person who was convicted in Cause No. 46,298 on November 27, 1945, that he had served two years in the penitentiary for said conviction and was released in 1947. The record shows that he was born in February of 1928, and was seventeen years of age at the time of the trial.

Appellant denied he was the same person who was convicted in Cause No. 60,145 and Cause No. 60,146, but admitted he was the person convicted for robbery in Cause No. 59,847 in the District Court of Tarrant County, Texas, in 1958. He further stated that he received 30 years in said conviction and that he served six years in the penitentiary before being paroled.

The judgment in Cause No. 59,847 recites that appellant pled guilty to the offense of robbery and was convicted on January 29, 1958, and sentenced to 25 years. Appellant testified, "I got in trouble in 1958, February or March of 1958. I pled guilty to a robbery charge, and I was sentenced to 30 years in the Texas Department of Corrections." The judgments in Cause Nos. 60,145 and 60,146 recite that appellant pled guilty to the offense of robbery in each cause. He was convicted and sentenced on March 11, 1958, to 30 years in each cause, the sentences to run concurrently. The judgment further recites that the court had found he had been confined in jail in these two causes since January 11, 1958. The prison record reflects appellant was received by the Texas Department of Corrections on "3–25–58" from Tarrant County and that he had been convicted in three causes for robbery, receiving two sentences of not less than five years nor more than 30 years and one sentence of not less than five years nor more than 25 years to run concurrently. His sentence is listed as 30 years beginning on "1–11–58". Appellant testified *he was on parole in 1964 from the sentence he was serving for the robbery which had occurred in Fort Worth in 1957.*

Article 179 of the former Code of Criminal Procedure in effect at the time of each of the prior convictions provided that an indictment for robbery could be presented within five years of the date of the commission of the offense, but not afterward. In the present case the 1958 robbery conviction was over 12 years after the first conviction for felony theft.

Article 396 of the former Code of Criminal Procedure prescribed the requisites of an indictment and requires in subdivision No. 6 that:

"The time mentioned must be some date anterior to the presentment of the indictment, and not so remote that the prosecution of the offense is barred by limitation."

An indictment or information is fundamentally defective if it shows upon its face that it is barred by limitation. *Hodges v.*

*State,* Tex.Cr.App., 430 S.W.2d 204; *Parr v. State,* 307 S.W.2d 94; *Donald v. State,* 165 Tex.Cr.R. 252, 306 S.W.2d 360.

If the offense for which appellant was convicted in Cause No. 60,145 had been committed before November 27, 1945, the indictment had to be presented before November 27, 1950, or it would have been barred on its face by limitation. It is not reasonable or probable that the case would have been pending on the dockets for seven years and five months before it was tried.

Although the indictment in Cause No. 60,145 is not in the record, I find the evidence when viewed in its entirety is sufficient to show the conviction in Cause No. 60,145 was for an offense which occurred after the conviction in Cause No. 46,298 became final.

The judgment should be affirmed.

DOUGLAS, J., joins.