**Ray FRENCH, Petitioner-Appellee,**

v.

**W.J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent-Appellant.**

No. 82–1116.

United States Court of Appeals, Fifth Circuit.

Dec. 6, 1982.

Rehearing and Rehearing En Banc Denied Dec. 29, 1982.

Douglas M. Becker, Charles A. Palmer, Asst. Attys. Gen., Austin, Tex., for respondent-appellant.

Kim Andres, court-appointed, Houston, Tex., for petitioner-appellee.

Appeal from the United States District Court for the Northern District of Texas.

Before RUBIN, RANDALL and JOLLY, Circuit Judges.

RANDALL, Circuit Judge:

The State of Texas has appealed the United States District Court's decision granting a writ of habeas corpus to the petitioner, Ray French. The petitioner requested habeas corpus relief on the grounds that he was denied effective assistance of counsel at both his state trial and on appeal and that the state trial court's decision to enhance his sentence was based on insufficient evidence. The district court granted the writ on the claim of ineffective assistance of counsel on appeal. We affirm the district court's decision on the basis of the petitioner's claim of insufficiency of the evidence to support his sentence.

## I. FACTS AND PROCEDURAL BACKGROUND.

The petitioner was indicted for burglary. The indictment also alleged, for the purpose of enhancement of the sentence, two prior felony convictions: a 1964 conviction and a 1966 conviction, both for theft of over $50.00. A jury found the petitioner guilty of the primary offense alleged in the indictment.

At the sentencing phase of the petitioner's trial, the State attempted to punish him as an habitual offender under section 12.42(d) of the Texas Penal Code, Tex. Penal Code Ann. § 12.42(d) (Vernon 1974).[1] The State introduced into evidence two pen packets from the Texas Department of Corrections. The pen packets revealed that the petitioner had been sentenced on November 25, 1964, for theft of over $50.00 and sen-

---

1. Section 12.42 of the Texas Penal Code, which sets forth the penalties for repeat and habitual felony offenders, provides:

(a) If it be shown on the trial of a third-degree felony that the defendant has been once before convicted of any felony, on conviction he shall be punished for a second-degree felony.

(b) If it be shown on the trial of a second-degree felony that the defendant has been once before convicted of any felony, on conviction he shall be punished for a first-degree felony.

(c) If it be shown on the trial of a first-degree felony that the defendant has been once before convicted of any felony, on conviction he shall be punished by confinement in the Texas Department of Corrections for life, or for any term of not more than 99 years or less than 15 years.

(d) If it be shown on the trial of any felony offense that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by confinement in the Texas Department of Corrections for life.

Tex. Penal Code Ann. § 12.42 (Vernon 1974).

tenced on November 9, 1966, also for theft of over $50.00. While these exhibits showed the respective dates on which the two convictions had been obtained, neither exhibit specified the date on which the petitioner had committed the offense that led to the second conviction. No other evidence was presented to the jury showing the date on which the second offense occurred. The jury found the allegations concerning the two prior convictions to be "true" and the district court sentenced the petitioner to a term of life in the state penitentiary.

The petitioner's trial attorney did not complain of the State's failure to prove the date on which the second prior offense occurred. Similarly, he did not raise the issue in the petitioner's appeal to the Texas Court of Criminal Appeals. The petitioner submitted a supplemental pro se brief to the state appellate court claiming that the evidence was insufficient to support his sentence and that he had been denied effective assistance of counsel. The Court of Criminal Appeals disposed of the petitioner's claims, stating that it had examined both grounds of error and found them to be without merit. French then filed three pro se applications for a writ of habeas corpus in state court, all of which were denied.

## II. INSUFFICIENCY OF THE EVIDENCE.

In a carefully reasoned opinion, the federal magistrate, who originally heard the petitioner's claims, recognized that the State had failed to produce sufficient evidence of the petitioner's habitual offender status under section 12.42(d) of the Texas Penal Code, Tex. Penal Code Ann. § 12.42(d) (Vernon 1974), during the sentencing phase

of the petitioner's trial. The State's evidence demonstrated that the petitioner had been convicted of the second felony after he was convicted of the first, but there was no evidence that he had *committed* the second felony after the conviction for the first became final, as required by the statute. *See Hickman v. State,* 548 S.W.2d 736 (Tex. Cr.App.1977); *Wiggins v. State,* 539 S.W.2d 142 (Tex.Cr.App.1976).

The magistrate, however, recommended that the district court grant the writ of habeas corpus on the basis of the petitioner's claim of ineffective assistance of appellate counsel, rather than on the evidentiary claim. He suggested this disposition of the case in order to avoid the double jeopardy implications involved in a finding of insufficiency of the evidence. *See Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978). The district court then granted the writ on the recommended grounds, conditioned on the State's failure to demand a new trial within ninety days of its order.[2]

The magistrate should, however, have reached a determination on the petitioner's claim of insufficiency of the evidence before he considered the alleged ineffectiveness of counsel precisely because of the double jeopardy implications involved. The double jeopardy clause would prohibit the resentencing of the petitioner under section 12.42(d) if the State failed to provide sufficient evidence of habitual offender status at the first trial. *Bullard v. Estelle,* 665 F.2d 1347 (5th Cir.1981), *cert. granted,* —— U.S. ——, 102 S.Ct. 2927, 73 L.Ed.2d 1328 (1982).[3] Therefore, a decision

**2.** Although the error relates to punishment only, Texas law does not allow a court to reform the sentence or remand for a new trial solely on punishment where the jury originally assessed the punishment. *Hickman v. State,* 548 S.W.2d 736 (Tex.Cr.App.1977).

**3.** After our decision in *Bullard,* the Texas Court of Criminal Appeals reexamined its prior holdings and agreed that failure of proof of prior convictions at an enhancement proceeding creates a double jeopardy bar as a matter of federal law, *Cooper v. State,* 631 S.W.2d 508 (Tex.

Cr.App.1982) (en banc), specifically overruling its decision in *Bullard v. State,* 533 S.W.2d 812 (Tex.Cr.App.1976), and *Porier v. State,* 591 S.W.2d 482 (Tex.Cr.App.1980). In *Cooper,* as in French's case, the State had failed to prove the date on which the second prior felony had been committed. The Texas Court of Criminal Appeals held that this failure of proof constituted failure by the State to produce evidence sufficient to support a life sentence and that the State should be denied a second opportunity to prove what it had failed to prove initially.

to grant the writ on the grounds of insufficiency of the evidence as to one of the "priors" covered in his indictment would have spared the petitioner the necessity of having to go through a second enhancement to life proceeding on the basis of that prior.[4] Where a habeas petitioner's allegations raise the possibility of a violation of the double jeopardy clause, the court must reach the merits of his claim if it is to protect the petitioner's right not to be "subjected to the hazards of trial and possible conviction more than once for an alleged offense," *Green v. United States,* 355 U.S. 184, 187, 78 S.Ct. 221, 223, 2 L.Ed.2d 199 (1957), which the prosecution has initially failed to prove. *Burks, supra.*[5]

 We note at the outset that, in reviewing the petitioner's application for habeas corpus relief on the grounds of insufficiency of the evidence at the sentencing phase, we are not bound by the state appellate court's affirmance of the petitioner's sentence in *French v. State,* 592 S.W.2d 638 (Tex.Cr.App.1980). While a state appellate court's judgment affirming a de-

fendant's sentence in state court is entitled to our deference, the federal courts have a duty to make their own determination of the sufficiency of the evidence in a federal habeas corpus challenge. *See Jackson v. Virginia,* 443 U.S. 307, 323, 99 S.Ct. 2781, 2791, 61 L.Ed.2d 560 (1979). Our standard of review is whether the record demonstrates that no rational trier of fact could have found beyond a reasonable doubt the facts necessary to support the life sentence. *Id.*[6]

 As the court below found, the record in this case definitively shows that the State introduced no evidence of the date on which the second prior felony alleged for the purpose of enhancement was committed. The chronology of the commission of the prior felonies is an essential element of section 12.42(d). *See Hickman, supra; Wiggins, supra.* The jury could not possibly have found the proper chronology of prior convictions required for a life sentence under section 12.42(d) where the State produced no evidence of the date on which the

631 S.W.2d at 514. Furthermore, the Court of Criminal Appeals has recently held, on facts similar to those at issue here and in *Cooper,* that the double jeopardy clause of the Texas Constitution, Article I, Sections 14 and 19, as well as the United States Constitution, bars a retrial at either the punishment or guilt stage of trial, where "the evidence is found lacking in the resolution of factual issues presented. . . ." *Ex Parte Augusta,* 639 S.W.2d 481 at 485 (Tex. Cr.App. Oct. 6, 1982) (en banc). Thus, the Texas courts have held that the Texas Constitution provides an independent state ground for barring the relitigation of factual issues insufficiently presented at an earlier enhancement proceeding.

4. See note 7, *infra.*

5. The State, relying on *Federal Energy Administration v. Algonquin SNG, Inc.,* 426 U.S. 548, 560 n. 11, 96 S.Ct. 2295, 2302 n. 11, 49 L.Ed.2d 49 (1976); *Mills v. Electric Auto-Lite Co.,* 396 U.S. 375, 381 n. 4, 90 S.Ct. 616, 620 n. 4, 24 L.Ed.2d 593 (1970); and *Duriso v. K-Mart No. 4195,* 559 F.2d 1274, 1278 (5th Cir. 1977), contends that the question of the insufficiency of the evidence is not properly before this court, since the petitioner did not cross-appeal the district court's decision. We have consistently held, however, that an appellee, without cross-appealing, "may rely upon any basis in the record in support of the judgment," whether or

not the trial court reached the issue on the merits or simply ignored it. *Weingart v. Allen & O'Hara, Inc.,* 654 F.2d 1096, 1106 (5th Cir. 1981); *see also* J. Moore, B. Ward & J. Lucas, 9 *Moore's Federal Practice* ¶ 204.11[3], at 4–45 (2d ed. 1982). The cases cited by the State are inapposite as they involved requests for a modification or a reversal of specific holdings by the courts below. We may *affirm* the district court's grant of habeas corpus relief on any ground supported by the record.

6. *Jackson v. Virginia* involved a challenge to a criminal conviction where the standard of proof of beyond a reasonable doubt is constitutionally mandated, *In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970), while the petitioner here challenges the constitutionality of his sentence. The Texas courts have held, however, that the State must prove the facts necessary to support a life sentence, as well as the facts relating to the defendant's guilt, beyond a reasonable doubt. *Ex Parte Augusta, supra; Jackson v. State,* 571 S.W.2d 1, 2 (Tex. Cr.App.1978). Therefore, we may assume that the *Jackson v. Virginia* standard of review is applicable to the petitioner's claim that there was insufficient evidence to support his sentence as an habitual offender under section 12.42(d).

second felony was committed. Accordingly, we must affirm the district court's grant of habeas corpus relief, on the ground that the petitioner's life sentence was not supported by sufficient evidence.

We hold further, as required by our prior decision in *Bullard, supra,* that because the petitioner was once subjected to an enhancement proceeding where the State failed to produce sufficient evidence of habitual offender status to support a life sentence, the double jeopardy clause bars a second trial-like enhancement proceeding on the basis of the one prior felony insufficiently proven at the earlier trial.[7] In light of our holding that the writ should have been granted on the ground that there was insufficient evidence to support the petitioner's enhanced life sentence, we need not reach the question of whether French was denied effective assistance of counsel during the sentencing and appellate phases of his trial.

That portion of the district court's decision granting a writ of habeas corpus unless the State elects to retry the petitioner within ninety days is accordingly

AFFIRMED.

---

**7.** The State, alleging that the petitioner has quite a number of prior felony convictions, seeks the opportunity to prove the commission of a different prior felony by the petitioner at a second enhancement proceeding. While none of the cases have specifically dealt with the question raised by the State, the language in the prior opinions of both this court and the Texas Court of Criminal Appeals suggests that the double jeopardy clause bars the State from bringing *any* enhancement proceeding for the purpose of obtaining a life sentence under section 12.42(d), where the State has previously failed to prove its case under section 12.42(d) in an earlier proceeding. *See Bullard,* 665 F.2d at 1349; *Ex Parte Augusta,* 639 S.W.2d at 485; *Cooper,* 631 S.W.2d at 508; *Ex Parte Martin,* No. 67,540, slip op. (Tex.Cr.App. April 29, 1981) (en banc) (rehearing pending).

The State has, in effect, asked us to give an advisory opinion, since it has not yet attempted to prove these other alleged prior felonies in state court. As the State itself points out, the Texas courts have not even specifically addressed the question whether the State may subject the petitioner to a second enhancement to life proceeding on the basis of a different "prior." Accordingly, the question is more appropriately left to the state courts to determine in the first instance.