NO. 12-01-00369-CR



IN THE COURT OF APPEALS
 


TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS


JAMES BREWER,
§
 APPEAL FROM THE 114TH

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


THE STATE OF TEXAS,

APPELLEE
§
 SMITH COUNTY, TEXAS

 

MEMORANDUM OPINION


 Appellant James Brewer was convicted by a jury of the third-degree felony offense of
unlawful possession of a firearm by a felon. The trial court assessed punishment at sixteen years in
prison. On appeal, Appellant complains of ineffective assistance of counsel and void sentence due
to lack of evidence supporting an enhancement paragraph. We affirm.


Background


 Appellant was involved in a one-car traffic accident, to which the Smith County Sheriff's
Department responded. Upon running Appellant's driver's license, the officer discovered that
Appellant had outstanding warrants for his arrest. He arrested Appellant and asked him if he could
search his vehicle. Appellant gave his consent. During the search, the arresting officer discovered
a black briefcase containing drug paraphernalia, and a duffle bag containing additional paraphernalia,
as well as a firearm. While Appellant and the officer were still at the scene, Appellant's girlfriend
and her two children arrived. At trial, Appellant's girlfriend testified that she owned the firearm, that
the firearm was normally kept in the black briefcase, and that she had put both the briefcase and the
duffle bag in Appellant's trunk because he was helping her move. She also testified that Appellant
was not present when she packed the trunk. Appellant did not testify.


Ineffective Assistance of Counsel


 Appellant argues in his first issue that he received ineffective assistance of counsel during
the trial of his case. Specifically, he complains that trial counsel failed to take the proper steps to
prevent the admission of extraneous conduct, failed to preserve the error for appeal, and failed to file
a motion requiring the State to provide him with a witness list. According to Appellant, as a result
of trial counsel's ineffectiveness, Appellant was convicted for being a bad person, a drug user, and
a drug trafficker rather than for the offense for which he was charged. He also maintains that trial
counsel failed to object that the sentence the trial court assessed was "illegal," since there was no
evidence to support the enhancement paragraph. 

Standard of Review

 We look to the general standards established for effective assistance of counsel in criminal
cases and determine that, to prevail on his first issue, Appellant must meet the two-pronged test
articulated in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). 
Hernandez v. State, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999). To show that his trial counsel
was ineffective, Appellant must demonstrate that counsel's performance was deficient. Strickland,
466 U.S. at 687, 104 S. Ct. at 2064. In order to satisfy that prong, Appellant must demonstrate that
counsel's performance fell below an objective standard of reasonableness, as judged on the facts of
his particular case and viewed at the time of counsel's conduct. Id. at 688-90, 104 S. Ct. at 2064-66. 
Further, counsel is presumed to have rendered adequate assistance and made all significant decisions
in the exercise of reasonable professional judgment. McFarland v. State, 928 S.W.2d 482, 500
(Tex. Crim. App. 1996). Second, Appellant must show that counsel's performance prejudiced his
defense at trial. Strickland, 466 U.S. at 692, 104 S. Ct. at 2067. "It is not enough for the Appellant
to show that the errors had some conceivable effect on the outcome of the proceeding." Id. at 693,
104 S. Ct. at 2067. Rather, he must show there is a reasonable probability that the result of the
proceeding would have been different but for the errors made by counsel. Id. at 694, 104 S. Ct. at
2068. "A reasonable probability is a probability sufficient to undermine confidence in the outcome."
Id. 

 "An allegation of ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness." McFarland, 928 S.W.2d at 500. Failure to
make the required showing of either deficient performance or sufficient prejudice defeats the
ineffectiveness claim. Id. 

Extraneous Conduct 

 Appellant's main complaint on appeal is that trial counsel failed to object to evidence, both
testimonial and tangible, that implicated Appellant as a drug user and drug trafficker; thus, the jury
convicted Appellant for being a bad person, rather than for the charged offense. Evidence of a
person's bad character is generally not admissible for the purpose of showing he acted in conformity
therewith. Powell v. State, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001). Under the Texas Rules of
Evidence, this includes evidence of "other crimes, wrongs, or acts." Tex. R. Evid. 404(b). The rule
exists, in large part, to counter the possibility that evidence may be admitted to show a defendant's
corrupt nature from which the jury may then render a verdict not on the facts of the case before them
but, rather, on their perception of the defendant's character. Rankin v. State, 974 S.W.2d 707, 709
(Tex. Crim. App. 1996). Under Rule 404(b), extraneous evidence introduced solely to show
character conformity is inadmissible. Id. However, when Rule 404(b) is read in light of Rules 401
and 402, if evidence is introduced for a purpose other than character conformity, has relevance to
a "fact of consequence" in the case, and remains free of any other constitutional or statutory
prohibitions, it is admissible. Id. at 709-10. 

 Extraneous offenses may be admissible to show motive, opportunity, intent, preparation,
plan, knowledge, identity, or absence of mistake or accident, provided that the probative value is not
substantially outweighed by its prejudicial effect. Montgomery v. State, 810 S.W.2d 372, 377 (Tex.
Crim. App. 1991). The Texas Court of Criminal Appeals has also held that extraneous evidence is
admissible to rebut defensive theories. Powell, 63 S.W.3d at 438. 

 The standard of review in determining whether a trial court erred in its admission of evidence
is abuse of discretion. Mozon v. State, 991 S.W.2d 841, 846 (Tex. Crim. App. 1999). A trial court
abuses its discretion when its decision is so clearly wrong as to lie outside that zone within which
reasonable persons might disagree. Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. App.
1991). It is a question of whether the court acted "without reference to any guiding rules and
principles," or whether the act was "arbitrary or unreasonable. Id. at 380.

 To preserve error, an objection to the admission of evidence must be specific and must state
the grounds of the objection. Henderson v. State, 617 S.W.2d 697, 698 (Tex. Crim. App. 1981).
Further, the objection must be made at the earliest possible opportunity, Martinez v. State, 867
S.W.2d 30, 35 (Tex. Crim. App. 1993), and must be made every time inadmissible evidence is
presented. Hudson v. State, 675 S.W.2d 507, 511 (Tex. Crim. App. 1984). Filing a motion in
limine does not preserve error. Maynard v. State, 685 S.W.2d 60, 64 (Tex. Crim. App. 1985).

Trial

 Trial counsel filed a motion in limine asking that the State approach the bench before offering
any evidence of extraneous offenses. He was contemplating that the State would offer evidence of
drug paraphernalia, utilized both in the use and the manufacture of drugs, which was found in a black
briefcase and in a duffle bag where the gun was located, as well as a baggie with some sort of
powdery residue in it. Trial counsel made a vigorous argument that this evidence was not relevant,
and that if it was relevant, its probative value was substantially outweighed by the danger of unfair
prejudice. See Tex. R. Evid. 403. Trial counsel also filed a motion in limine concerning the
testimony of two State expert witnesses who were going to aver that most drug dealers carry guns,
and that the residue in the baggie was, in fact, methamphetamine. The trial court overruled both
motions.

 During the State's case in chief, the arresting officer testified that Appellant had admitted to
him, before he started the search of the vehicle, that there was a gun in the black briefcase. Trial
counsel did not object that the statement could not be used against Appellant because he had not yet
been given his Miranda (1) warnings. Also through the testimony of the arresting officer, the State
offered a long glass pipe, an electronic scale, a box of syringes, and a baggie with residue into
evidence. Trial counsel did not object to the admission of any of the drug paraphernalia, thus
waiving error on appeal. He did object to the baggie during the testimony of the arresting officer,
complaining that it had not been subjected to any chemical analysis. The trial court overruled his
objection. Later, when the expert witness testified about the contents of the baggie, trial counsel did
not object.

 When the State called John Beene to the witness stand, trial counsel objected on the basis that
he was not on any witness list. The State countered that Appellant had not requested a witness list,
and thus could not now complain. The trial court overruled trial counsel's objection. Beene then
testified that he had performed an analysis on the unknown substance in the baggie that very
morning, and that it was his opinion that the residue was methamphetamine. 

 The State then called Marlin Suell, a sergeant assigned to the Smith County Drug
Enforcement Administration Task Force. When Suell began testifying about his experience with
cases involving drug trafficking, trial counsel objected that the line of questioning was irrelevant,
immaterial and highly prejudicial. The trial court overruled his objection and allowed the
questioning to continue. Suell testified that most drug dealers carried guns, and that it was not
unusual for them to travel in two cars, so that if one was stopped, not all the contraband would be
seized. He also opined that drug traffickers sometimes traveled with small children in order to look
as innocuous as possible. Testimony concerning the drug paraphernalia and drug trafficking
constituted the majority of the State's case in chief.

Hearing on Motion for New Trial

 After he was convicted, Appellant substituted attorneys. He then filed a motion for new trial,
maintaining that his original attorney had not represented him effectively during trial, and that but
for trial counsel's errors, his verdict and his sentence would have been different. During the hearing
on the motion, trial counsel testified extensively. First, he stated that he believed that his initial
objection to Suell's testimony preserved error. He also intimated that he did not want to continue
objecting in front of the jury because it would have been pointless. He stated that he did not file a
motion to suppress the drug paraphernalia because the search was subsequent to a lawful arrest and
because Appellant gave consent to search, making a motion frivolous. He also testified that after
his motion in limine concerning the drug paraphernalia was denied, he decided not to object when
the paraphernalia was offered, since it would draw undue attention to the introduction of that
evidence. Trial counsel averred that he did not file a motion to provide a witness list because it was
standard practice to disclose the list when a trial court granted discovery motions. And he did not
object to Appellant's admission coming in because it supported his defense that Appellant knew his
girlfriend kept her gun in the black briefcase, and his statement that the gun was in the briefcase
rather than in the bag, where it was actually located, showed that he did not know that the gun was
in the car until he saw the briefcase. Appellant offered no other evidence in support of his motion
for new trial based upon ineffective assistance of counsel (for example, whether or not a standard
discovery order in Smith County courts requires the State to provide defense with a witness list).

Analysis of Trial Counsel's Conduct

 After reviewing the record of the hearing on the motion for new trial, as well as trial
counsel's objections and arguments at trial, it is clear that most of trial counsel's conduct was based
upon his view that potential actions would have been frivolous, would have directed more attention
to harmful evidence, or were helpful to his defense. Further, although he believed the trial court's
rulings were erroneous, since the evidence of extraneous offenses was more prejudicial than
probative, he did not contemplate that this appellate court would find the rulings to be reversible
error. In other words, trial counsel's actions were based upon trial strategy. 

 The other conduct about which Appellant complains cannot support a reversal, since there
is no record as to why trial counsel acted as he did. Generally, when the record contains no evidence
of the reasoning behind counsel's conduct, we cannot conclude counsel's performance was deficient. 
See Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). If there is any plausible basis
for trial counsel's actions, we are not required to speculate on the reasons for counsel's actions when
confronted with a silent record. Id.; McCoy v. State, 996 S.W.2d 896, 900 (Tex. App.--Houston
[14th Dist.] 1999, pet. ref'd).

Void Sentence 

 In addition to his argument that trial counsel was not effective in his representation because
of the admission of evidence of extraneous conduct, Appellant also maintains that trial counsel failed
to object that the State did not prove the enhancement paragraph. As a consequence of this failure,
the trial court assessed punishment at sixteen years in prison, six years in excess of the maximum
punishment for a third degree felony. 

 We agree that the use of prison packets, including fingerprints and photographs, along with
the testimony of a fingerprint expert that known prints of the accused are the same or identical with
the fingerprints contained in the prison packet, is one way of proving prior convictions. See Rascon
v. State, 496 S.W.2d 99, 102 (Tex. Crim. App. 1973). However, where the defendant admits the
alleged prior conviction and sufficiently identifies it to satisfy the allegation in the indictment, the
State need not put on any further evidence of the conviction. Tomlin v. State, 722 S.W.2d 702, 705
(Tex. Crim. App. 1987). 

 In the case before us, Appellant signed a Stipulation of Evidence, in which he stated the
following:


 I agree to stipulate that the following facts are true and correct and that I am the same JAMES
BREWER convicted of the felony offense of Aggravated Assault, on the 23rd day of September, 1994,
in cause number F-94-25653-L, in the Criminal District Court No. Five in Dallas County, Texas, in
a case on the docket of said Court entitled, The State of Texas vs. James Dee Brewer, Jr.



The Clerk of the District Court of Smith County, Texas and the presiding judge both acknowledged
that the stipulation of evidence was subscribed and sworn to before them by Appellant during the
trial of cause number 114-0864-01 (the lower court's docket number in this case). The stipulation
was offered and admitted into evidence as State's Exhibit 1 before opening remarks, and again at the
conclusion of the State's case in chief. During the punishment phase of the trial, the State requested
that the court take judicial notice of all evidence admitted during the guilt/innocence phase, which
the court agreed to do. 

 Appellant also maintains that the sentence is void because the trial court did not find the
enhancement paragraph "true" in open court, it did not make a finding of "true" on the docket sheet,
nor did Appellant enter a guilty plea to the enhancement paragraph. Appellant offers no authority,
however, that this makes the sentence void. See Tex. R. App. P. 38.1(h). Consequently, we will not
consider this argument as support for Appellant's assertion that trial counsel was ineffective for
failing to object to the sentence as being void. 

 Because there is sufficient evidence to sustain the enhancement paragraph, and because there
is no showing that trial counsel's actions at trial were anything but trial strategy, we hold that
Appellant fails to make the required showing of deficient performance, making it unnecessary for
us to analyze the second prong of the Strickland test. Accordingly, we overrule issue one. 


Enhancement Paragraph


 In Appellant's second issue, he complains that there is no evidence that he was convicted of
the felony offense alleged in the enhancement paragraph of the indictment; consequently,
Appellant's sentence is void. He also complains that the trial court did not find the enhancement
paragraph "true" in open court, it did not make a finding of "true" on the docket sheet, nor did
Appellant enter a guilty plea to the enhancement paragraph, thus making the sentence "illegal." As
we stated in our discussion of ineffective assistance of counsel, we disagree. Accordingly, we
overrule issue two. 

 We affirm the judgment of the trial court.




 SAM GRIFFITH 

 Justice



Opinion delivered March 26, 2003.

Panel consisted of Worthen, C.J., and Griffith, J.


















(DO NOT PUBLISH)
1. Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).