

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-13-00202-CR

_____

MOSES LAROME MILLER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 1
Hunt County, Texas
Trial Court No. CR1300261

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

Late one night, Moses Larome Miller was caught red-handed rummaging through vehicles owned by Kristina Moyer and Brittney Zebendon, Kristina's sister-in-law. Shortly after Kristina discovered the hooded Miller searching the vehicles outside her residence, she told certain family members, and Kristina's father, Kenneth Moyer, took up a pistol, went outside, and confronted Miller, interrupting Miller's search of the vehicles. Though nothing was missing from either vehicle, the episode resulted in Miller's conviction for burglary of a vehicle.[1]

On appeal, Miller asserts that he was denied the effective assistance of counsel, because his trial counsel waived the court reporter's recording the voir-dire proceedings, and that insufficient evidence supports his conviction. We affirm the judgment of the trial court because (1) Miller's claim of ineffective assistance is meritless, and (2) legally sufficient evidence supports Miller's conviction.

## (1)     Miller's Claim of Ineffective Assistance Is Meritless

Miller argues that his counsel's waiver of the stenographic recording of voir-dire proceedings prevented him from preserving appellate review of his *Batson* challenge.[2] The record shows that, even though the voir-dire proceedings were not recorded, the *Batson* challenge was preserved by the reporter's stenographic recording.

---

[1]The trial court sentenced Miller to 365 days' confinement in Hunt County Jail, ordered him to pay a $4,000.00 fine, and assessed $268.00 in court costs against him.

[2]Ineffective assistance of counsel claims that have merit are reviewed under the two-pronged *Strickland* test handed down by the United States Supreme Court. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Imoudu*, 284 S.W.3d 866, 869 (Tex. Crim. App. 2009).

Miller, an African American, challenged the State's decision to strike Magdalene Denmark, an African-American woman who was not questioned by either side during voir dire.[3] Miller pointed out that, because the only other African-American veniremember was dismissed for health reasons by agreement of the parties, no African Americans were on the jury panel after the State struck Denmark. Thus, Miller claims, the State struck Denmark to prevent an African American from serving on the jury.

The State responded that it struck Denmark because she did not answer the question posed to all veniremembers of whether they had ever been accused of a criminal offense. Through other means, the State learned that Denmark had been convicted in 1987 of driving while intoxicated and twice in 1994 of public intoxication. Denmark's failure to disclose these prior convictions was the reason proffered by the State for striking her.[4] To further its race-neutral explanation for striking Denmark, the State indicated that it had also struck another juror, who was not African American, because of his criminal history.

The trial court found that the State provided a race-neutral reason for striking Denmark and overruled Miller's *Batson* challenge. It then asked Miller if he had anything else to present on that issue, and Miller responded negatively. The entire *Batson* hearing was stenographically recorded and transcribed and is a part of the appellate record before us.

We find that, had Miller claimed error related to this *Batson* challenge, the claim was preserved for appellate review. He suggests no other *Batson* challenge. Therefore, Miller's

[3]Because this juror was not questioned by either attorney, a stenographic recording of the voir-dire proceedings would not have provided any information relevant to Miller's *Batson* challenge.

[4]The State also claimed that, although Denmark was asked the same questions posed to the rest of the panel, she remained quiet and unresponsive.

complaint of ineffective assistance stemming from counsel's waiver of a stenographic recording is meritless and is overruled.[5]

*(2)     Legally Sufficient Evidence Supports Miller's Conviction*

In his other point of error, Miller attacks the legal sufficiency of the evidence only with respect to the element of the intent to commit theft. He argues that intent was not established because (a) there were no items taken from the cars and (b) there was testimony that Miller was merely looking for a cigarette lighter. Section 30.04 of the Texas Penal Code requires the element of intent; "the State is not required to prove any actual taking." *Jones v. State*, 482 S.W.2d 634, 636 (Tex. Crim. App. 1972); *see Brown v. State*, 294 S.W.3d 203, 208 (Tex. App.—Texarkana 2009, no pet.); TEX. PENAL CODE ANN. § 30.04(a) (West 2011).

In evaluating legal sufficiency of the evidence, we review all the evidence in the light most favorable to the jury's verdict to determine whether any rational jury could have found beyond a reasonable doubt the essential elements of the offense. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd) (citing *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)). We give deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19).

---

[5]Miller does not ask this Court to review the trial court's ruling on his *Batson* challenge.

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge "sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*

A person commits the offense of burglary of a motor vehicle if (1) he or she, (2) without the effective consent of the owner, (2) breaks into or enters a vehicle or any part of a vehicle (4) with the intent to commit any felony or theft. TEX. PENAL CODE ANN. § 30.04(a). As mentioned, Miller attacks only the intent element. "[I]ntent to commit theft can be inferred from the circumstances." *Simmons v. State*, 590 S.W.2d 137, 138 (Tex. Crim. App. [Panel Op.] 1979); *Brown*, 294 S.W.3d at 208; *Coleman v. State*, 832 S.W.2d 409, 413 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd)). "[P]roperty need not be taken for proof of intent to commit theft to be sufficient." *Id.* (citing *Ortega v. State*, 626 S.W.2d 746, 749 (Tex. Crim. App. [Panel Op.] 1981)).

The uncontradicted evidence was that Kristina's and Brittney's vehicles were locked when they left them. Under the cover of night, Miller entered the vehicles without consent and searched through the contents of the vehicles, leaving them in complete disarray. Considering the effort expended in breaking into the cars and the thoroughness of the search, the jury was free to determine that Miller's claim to Kenneth that he was only looking for a cigarette lighter was false. Further, although he did not get very far, Miller attempted to walk away from Kenneth

after he had been caught inside Kristina's vehicle. A reasonable jury could rationally conclude that Miller's attempt to flee evidenced his criminal intent. It was within the jury's province to find that Miller had the intent to commit theft based on the circumstances of this case. *See Brown*, 294 S.W.3d at 210. Viewing the evidence in the light most favorable to the verdict, we find the evidence legally sufficient to sustain Miller's conviction.

We affirm the trial court's judgment.


Josh R. Morriss, III
Chief Justice

Date Submitted:     February 4, 2014
Date Decided:       February 27, 2014

Do Not Publish

6