**Bennie Erwin JONES, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 40858.**

Court of Criminal Appeals of Texas.

Dec. 13, 1967.

Jack Hampton, Dallas, for appellant.

Henry Wade, Dist. Atty., Charles Caperton, Arch Pardue and William S. Mason, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

DICE, Judge.

The conviction is for forgery; the punishment, enhanced under Art. 63, Vernon's Ann.P.C., by reason of two prior convictions for felonies less than capital, life imprisonment.

In making proof of the two prior convictions alleged for enhancement, the state offered in evidence authenticated copies of the judgments and sentences in the two cases, which, with other evidence, showed that on February 20, 1963, the appellant was convicted in Criminal District Court #2 of Dallas County of the offense of burglary and on September 27, 1960, he was convicted in the same court of the offense of attempted burglary.

The indictments in the two cases were not introduced in evidence.

No proof was offered which showed that the 1963 conviction was for an offense committed after the 1960 conviction had become final. Such proof was necessary to enhance appellant's punishment, under Art. 63, supra. Cortez v. State, Tex.Cr.App., 314 S.W.2d 589; Rogers v. State, 168 Tex.Cr.R. 306, 325 S.W.2d 697; Haines v. State, Tex.Cr.App., 391 S.W.2d 58.

The mere fact that appellant admitted on his cross-examination that he had been previously convicted of the two offenses did not dispense with the necessity of the state making such proof.

We do not construe Shannon v. State, 170 Tex.Cr.R. 91, 338 S.W.2d 462, and Sistrunk v. State, 169 Tex.Cr.R. 74, 331 S.W.2d 323, as supporting the state's position that appellant's admission that he had been convicted in the two cases rendered unnecessary proof by the state that the 1963 conviction was for an offense committed after the 1960 conviction had become final.

For the reason stated, appellant's ground of error #3 is sustained.

The judgment is reversed and the cause is remanded.