Billy James ISBELL, Appellant,

v.

The STATE of Texas, Appellee.

No. 41798.

Court of Criminal Appeals of Texas.

Jan. 15, 1969.

Rehearing Denied March 5, 1969.

Dalton Gandy, Fort Worth (Court Appointed Attorney), for appellant.

Frank Coffey, Dist. Atty., R. J. Adcock, Ben H. Tompkins and William A. Knapp, Asst. Dist. Attys., Fort Worth, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is felony theft enhanced by two prior non-capital convictions; the punishment, Life.

■ Appellant's first ground of error is that the evidence is insufficient to show that the 1961 conviction of appellant in Midland County, in cause No. 2724, was a final conviction prior to the commission by appellant in 1965 in Taylor County, in cause No. 3331–B, of the offense of Passing a Forged Instrument for which he was convicted in said year. Reliance is had upon our recent opinion in Jones v. State, Tex. Cr.App., 422 S.W.2d 183. Appellant overlooks the following quotation from his testimony on cross-examination:

"Q. (By the prosecuting attorney): Now, sir, I take it that you went to the penitentiary from Midland on the robbery case and then you got out of the penitentiary and then you committed the forgery and passing in Taylor County in Cause No. 3331–B, in which you were convicted in 1965, is that correct?

A. Yes, sir."

Our holding in Jones v. State, supra, is not applicable and the first ground of error is overruled.

■ His second ground of error is that the court erred in permitting the State at the punishment hearing to read that portion of the indictment alleging the prior convictions before the court had held a hearing in the absence of the jury to determine the validity or the admissibility of such convictions. In support of his contention that such a hearing should have been conducted he relies upon a certain portion of our opinion in Holcombe v. State, Tex.Cr.App., 424 S.W.2d 635:

"We observe that upon another trial, under the provisions of Art. 36.01, C.C. P., that portion of the indictment alleging prior convictions for enhancement should not be read to the jury until the hearing on punishment provided in Art. 37.07, C.C.P. Further, at the hearing on punishment, in the event appellant elects to have the jury assess punishment such portions of the indictment should not be read or proof offered in support thereof unless and until it is first determined by

the court that the prior convictions are valid and admissible in evidence. See: Burgett v. State of Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319."

It is apparent from the opinion that the prior convictions were, as we later in Ex parte Romines, 436 S.W.2d 342, described them to be, presumptively void. The prior convictions in the case at bar are from Texas and are not presumptively void and such a hearing is not required by our holding in Holcombe, supra. See Ex parte Romines, supra.

His third ground of error is that the evidence is insufficient to establish the market value of the stolen vehicle so as to make the offense a felony. He relies upon the owner's reluctance early in his examination to state that he knew the market value of his automobile. He did state that his automobile was a 1957 Chevrolet in "above average" condition, had never had any dents or scratches upon it, that he had just had it repainted at a cost of $100.00 and had installed a new motor in it approximately one thousand miles before it was stolen. Later in his testimony he did state its value to be $650.00. Officer Willard later testified that because of its condition he thought the automobile was worth $700.00. While Willard was not shown to have the qualifications possessed by Officer Gage in our recent holding in Windom v. State, Tex.Cr.App., 429 S.W.2d 488, we are not here faced with a difficult question as to value, as we were in Windom. The holding there is authority for our holding here that the evidence was sufficient to show the offense to be a felony. The holding in Price v. State, 165 Tex.Cr.R. 326, 308 S. W.2d 47, relied upon by appellant, can have no application to the case at bar since there was no evidence of value in that case.

Finding no reversible error, and the evidence being sufficient to support the conviction, the judgment is affirmed.

It is so ordered.

DOUGLAS, J., not participating.