Earl Gene TOMLIN, Appellant,

v.

The STATE of Texas, Appellee.

No. 09–83–189 CR.

Court of Appeals of Texas, Beaumont.

Aug. 30, 1984.

Rehearing Denied Oct. 10, 1984.

William Adair, Conroe, for appellant.

James Keeshan, Dist. Atty., Conroe, for appellee.

1. *Jackson v. Denno,* 378 U.S. 368, 84 S.Ct. 1774,

## OPINION

DIES, Chief Justice.

Appellant was indicted for and a jury found him guilty of two separate offenses of burglary, and found true to four prior felony convictions for enhancement. The court assessed punishment at confinement for life for each burglary offense. Appellant does not challenge the sufficiency of the evidence.

By his first ground of error, appellant contends the court erred in permitting the State to introduce into evidence his written confession for the reason that the confession was obtained without a valid waiver of his "privilege against self-incrimination and right to counsel."

The record reveals that appellant and his companion were arrested while driving a stolen automobile. They had in their possession numerous guns which proved to be those which had been taken in two burglaries committed on the day of their arrest. Appellant and his companion were taken directly before Judge McMillian, a Justice of the Peace, at approximately 4:00 P.M. Judge McMillian informed appellant that he was accused of burglary and theft and read him the warnings mandated by TEX.CODE CRIM.PROC.ANN. art. 15.17 (Vernon Supp.1984).

Appellant and his companion were then escorted to the Constable's office and were briefly interviewed by Officer Parker. The companion wanted to make a statement and Parker took him aside to take his statement. Officer Schuler then began interviewing appellant at approximately 5:30 P.M. Appellant admitted his involvement in the burglaries. At approximately 7:00 P.M. the statement was ready to be typed. Some time elapsed before a typist could be located. The statement was subsequently typed and appellant signed it at approximately 9:30 P.M.

The court, in a *Jackson v. Denno* [1] hearing on a motion to suppress the confession, overruled the motion. The court, in its Findings of Fact and Conclusions of Law,

12 L.Ed.2d 908 (1964.)

specifically found that the confession was voluntarily and freely given without coercion or persuasion of any kind, that appellant had been properly advised of his rights by a magistrate, and that he voluntarily waived those rights prior to giving the confession.

Appellant testified, at the hearing on the motion to suppress, that at the time he appeared before the magistrate, the Judge advised and read to him his rights which included, specifically, the following:

You have a right to hire a lawyer and have him present prior to and during any interview and questioning by peace officers or attorneys representing the State. If you are too poor to afford a lawyer, you have the right to request the appointment of a lawyer to be present prior to and during any such interview and questioning. You may have reasonable time and opportunity to consult your lawyer if you desire.

You have the right to remain silent.

You are not required to make a statement, and any statement you make can and may be used against you in Court.

You have the right to stop any interview or questioning at any time.

Appellant acknowledged that the Judge read the above quoted rights to him and that he understood them. He then testified that he asked the Judge for a lawyer but that such request was denied. He testified further that during the time he was interrogated, he asked for a lawyer, and again was denied the request.

Officer Joe Little, who accompanied appellant to the magistrate's office, testified that he, Little, was present at all times when appellant was before the magistrate and that appellant did not at any time indicate that he wanted a lawyer. Every officer who interrogated appellant testified that appellant did not at any time during the interrogation ask for or in any manner indicate that he wanted a lawyer. Judge McMillian testified that, as indicated by his records, he gave appellant the warnings and rights afforded him pursuant to Art. 15.17, *supra,* but that he did not remember anything about appellant asking for a lawyer.

■ It is clear from the record before us that the evidence presented on the motion to suppress was conflicting as to whether or not appellant asked for a lawyer at any time. It is well settled that at a hearing on the admissibility of a confession, the trial court is the trier of the facts and judge of the credibility of the witnesses and the weight to be given their testimony; he can accept or reject the testimony of witnesses, including a defendant, in determining the issues before him. *Rumbaugh v. State,* 629 S.W.2d 747 (Tex.Crim.App.1982); *Kelly v. State,* 621 S.W.2d 176 (Tex.Crim.App. 1981). The trial court obviously rejected appellant's contentions that he asked the magistrate and the officers for a lawyer. Such finding is supported by the evidence.

The question now before this Court is whether the evidence supports the finding by the trial court that appellant waived his right to counsel before giving and signing the confession.

■ Whether an accused has waived his right to have counsel present during questioning must be determined from a totality of the circumstances. A waiver need not be expressed, but may be found in the circumstances surrounding the confession. *Castillo v. State,* 616 S.W.2d 620 (Tex.Crim.App.1981); *Furtick v. State,* 592 S.W.2d 616 (Tex.Crim.App.1980). As stated in *North Carolina v. Butler,* 441 U.S. 369, 373, 99 S.Ct. 1755, 1757, 60 L.Ed.2d 286 (1979):

The question is not one of form, but rather whether the defendant in fact knowingly and voluntarily waived the rights delineated in the *Miranda* case. As was unequivocally said in *Miranda,* mere silence is not enough. That does not mean that the defendant's silence, coupled with an understanding of his rights and a course of conduct indicating waiver, may never support a conclusion that a defendant has waived his rights. The courts must presume that a defendant did not waive his rights; the prosecu-

tion's burden is great; but in at least some cases waiver can be clearly inferred from the actions and words of the person interrogated.

Appellant testified that the magistrate advised him of his rights to obtain counsel and have him present prior to any interview or questioning, that he had the right to remain silent, that he was not required to make a statement, and that he had the right to stop any interview or questioning at any time. Appellant further testified that he understood his rights as read to him by the magistrate. He testified that with this knowledge and understanding of such rights, he asked the magistrate for a lawyer because he wanted to get out on "a low bond." He later changed his mind about wanting a lawyer and gave his statement and voluntarily signed the confession because he wanted to get things "wrapped up" so that he could get a bond set before a "parole hold was put on me."

The statement appellant signed was typed on a form which also contained the warnings mandated by TEX.CODE CRIM. PROC.ANN. art. 38.22 (Vernon 1979). Following that portion of the typed confession concerning his right to counsel appears his confession to the crimes with which he was charged.

■ In addition to the foregoing, the evidence clearly establishes that appellant's request for counsel, if such was made, was not a request for counsel during interrogation. *See Blasingame v. Estelle*, 604 F.2d 893 (5th Cir.1979). Considering the totality of the circumstances surrounding this confession, the evidence given on the hearing to suppress is sufficient to establish appellant's effective waiver of counsel. This ground is overruled.

During the punishment stage of this trial, the State introduced into evidence four "pen packets" for the purpose of proving up four prior felony convictions for enhancement purposes. Appellant contends, by his second ground of error, the State failed to prove that "each successive conviction alleged in the charge for enhancement purposes became final prior to the time of the commission of the offense leading to the next successive conviction alleged for enhancement purposes."

■ The indictment alleges the four prior felony convictions by giving the particular district court and the cause number, the date of the conviction and the felony for which appellant was convicted. The pen packet and exhibit for each prior conviction contains the indictment which alleges the date of the commission of the offense and the judgment and sentence showing the date of conviction. In view of such allegations and proof, the burden to show that each conviction was final was not upon the State. Where a prior conviction has been shown, the burden is on the appellant to show that it was not final. *Williams v. State*, 596 S.W.2d 862 (Tex.Crim.App.1980); *Gardner v. State*, 486 S.W.2d 805 (Tex. Crim.App.1972); *Reed v. State*, 481 S.W.2d 128 (Tex.Crim.App.1972). Appellant has failed to discharge his burden. This ground is overruled.

■ Appellant's third ground of error contends the court erred in admitting into evidence the "pen papers" for the reason that he was "not provided notice of the State's intention to enter certified copies of such 'pen papers' into evidence, Defendant being entitled to said notice as provided under Article 3731a Texas Civil Statutes Annotated." Appellant did not contend, nor does he now contend, that he was unfairly surprised by such evidence. This ground of error is overruled by the authority of *Denham v. State*, 428 S.W.2d 814 (Tex.Crim.App.1968) and *Roberts v. State*, 164 Tex.Cr.R. 537, 301 S.W.2d 154 (1957).

The judgment is affirmed.