**Earl Gene TOMLIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 09 83 189 CR.**

Court of Appeals of Texas, Beaumont.

Aug. 28, 1985.

2. Now TEX.PROP.CODE ANN. § 5.006 (Vernon 1984).

William A. Adair, Conroe, for appellant.

Peter Speers, III, Dist. Atty., Conroe, for appellee.

## OPINION

DIES, Chief Justice.

In our original opinion, *Tomlin v. State,* 690 S.W.2d 5 (Tex.App.—Beaumont 1984, pet. granted), this Court affirmed appellant's conviction in two counts, of the offense of burglary of a habitation. Punishment, enhanced by proof of two prior convictions, was assessed at life on both counts. The Court of Criminal Appeals, in an unpublished per curiam opinion, reversed the judgment and remanded this cause to this Court "to reconsider appellant's second ground of error." *Tomlin v. State,* No. 1080–84 (Tex.Crim.App., June 5, 1985).

The record in the instant case reveals that appellant was convicted for the offense of burglary of a habitation on June 6, 1983, for an offense committed on the 7th day of January, 1983.

During the punishment stage of this trial, the State introduced into evidence four "pen packets" for the purpose of proving up four prior felony convictions for enhancement purposes. Appellant contends, by his second ground of error, the State failed to prove that "each successive conviction alleged in the charge for enhancement purposes became final prior to the time of the commission of the offense leading to the next successive conviction alleged for enhancement purposes."

The "pen packets" introduced into evidence contain judgments of conviction and sentences thereon in four prior felonies. This evidence shows that the convictions, each being in a Criminal District Court of Harris County, Texas, are listed as follows:

1. Cause No. 60216, judgment dated October 5, 1948, for felony theft, sentence—2 years.

2. Cause No. 63783, judgment dated February 20, 1951, theft, sentence—2–5 years.

3. Cause No. 72645, judgment dated September 21, 1954, burglary, sentence—7 years.

4. Cause No. 87371, judgment dated June 9, 1959, heroin possession, sentence—life.

At the time appellant was tried and convicted in the instant case, *TEX.PENAL CODE ANN. § 12.42(d)* (prior to the amendment in 1983) provided that if the State alleged in an indictment two prior felony convictions, in order to enhance the punishment to automatic life imprisonment, it had the burden of proof to establish that each conviction was final and also had to prove that the second previous felony conviction was for an offense that occurred subsequent to the first previous felony conviction having become final. *Washington v. State,* 677 S.W.2d 524 (Tex.Crim.App. 1984). Since proper proof of only two prior convictions is necessary to enhance the punishment to life imprisonment in the in-

stant case, we shall discuss only two of the prior felony convictions reflected in the "pen packets" introduced in this case.

■■■ The record reveals that appellant was convicted of the offense of felony theft in Cause No. 60216 on the 5th day of October, 1948. There is no evidence that an appeal was taken from this conviction. Appellant admitted, in his testimony before the jury during the guilt/innocence phase of the trial in the instant case, that he served his prison sentence under this conviction. The judgment of conviction in Cause No. 60216 became final on October 5, 1948. However, if such is disputed by appellant, we point out that the judgment of conviction was introduced into evidence and in view of such proof, the burden to show that such conviction was final was not upon the State. Where a prior conviction has been shown, the burden is on the appellant to show that it was not final. *Williams v. State*, 596 S.W.2d 862 (Tex. Crim.App.1980); *Gardner v. State*, 486 S.W.2d 805 (Tex.Crim.App.1972); *Reed v. State*, 481 S.W.2d 128 (Tex.Crim.App.1972). Appellant has failed to discharge this burden.

Appellant was convicted in Cause No. 63783 for the offense of felony theft on the 20th day of February, 1951, and sentenced to a term of 2–5 years. The record shows that appellant's appeal taken from this conviction was dismissed by our Court of Criminal Appeals on the 22nd day of June, 1951. Appellant admitted that he served time in prison for this offense. Appellant further admitted in the presence of the jury, during the guilt/innocence phase, that the offense for which he was convicted in 1951 (obviously in Cause No. 63783) was committed after he was released from prison under his first conviction (Cause No. 60216 in 1948).

The admission made by appellant is sufficient proof that his conviction in Cause No. 63783 was based upon an offense committed after he was convicted in Cause No. 60216 and following his release from prison thereunder. *Isbell v. State*, 437 S.W.2d 270 (Tex.Crim.App.1969). The evidence further

shows that the conviction under Cause No. 63783 was final prior to the commission of the offense for which he was convicted in the instant case. This ground is overruled.

The judgment is affirmed.