**Earl Gene TOMLIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 1064–85.**

Court of Criminal Appeals of Texas, En Banc.

Jan. 14, 1987.

---

William A. Adair, Conroe, for appellant.

James H. Keeshan, Dist. Atty., and Peter C. Speers, III, Asst. Dist. Atty., Conroe, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

Appellant was charged with burglary of a habitation, and was tried and found guilty by a jury in the 221st Judicial District Court of Montgomery County. During the punishment phase of the trial, the jury found that appellant had four prior felony convictions, and in accordance with V.T.C.A. Penal Code, § 12.42(d), appellant was given a life sentence. In appellant's

first petition for discretionary review, this Court, in an unpublished opinion, remanded the case to the Ninth Court of Appeals because of an erroneous finding by that court that the indictments for appellant's alleged prior offenses had been offered into evidence. *Tomlin v. State*, No. 1080–84, delivered, June 5, 1985. On remand the Court of Appeals found sufficient evidence to uphold the jury's finding that appellant had been convicted of the alleged prior offenses, notwithstanding the fact that the indictments had not been offered into evidence. *Tomlin v. State*, 697 S.W.2d 430 (Tex.App.-Beaumont 1985).

■ Appellant has filed a second petition for discretionary review in this Court challenging the Court of Appeals' decision on the ground that there was insufficient evidence to support the enhancement paragraphs of the indictment. Specifically appellant complains that the State failed to prove that the second prior offense was committed after the first prior offense was final. We will overrule appellant's ground for review.[1]

Appellant was punished as a habitual offender according to the rule set out in Sec. 12.42(d), supra, as it read at the time of the trial in 1983:

"If it be shown on the trial of any felony offense that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by confinement in the Texas Department of Corrections for life."

The State alleged in paragraphs[2] three through six of the indictment that appellant had been convicted of four prior felonies. The pertinent part of the indictment is as follows:

---

1. "Ground for review" is still the proper nomenclature after September 1, 1986, according to Texas Rule of Appellate Procedure 202(d)(4).

2. The trial court, in referring to the enhancement allegations, used the term "count." The correct nomenclature for enhanced allegations is "paragraph." See Concurring Opinion.

"And it is further presented in and to said Court, that prior to the commission of the aforesaid offenses by the said Earl Gene Tomlin, on the 9th day of June, 1959 in the Criminal District Court No. 3 of Harris County, Texas in Cause Number 87,371, the said Earl Gene Tomlin, under the name of Earl Gene Tomlin was convicted of a felony, to-wit: Unlawful Possession of a Narcotic Drug, to-wit: Heroin, and said conviction became final prior to the commission of the aforesaid offenses;

"And it is further presented in and to said Court, that prior to the commission of the aforesaid offenses by the said Earl Gene Tomlin, on the 21st day of September, 1954 in the Criminal District Court Number Two of Harris County, Texas in Cause No. 72,645, the said Earl Gene Tomlin, under the name of Earl Gene Tomlin was convicted of a felony, to-wit: Burglary, and said conviction became final prior to the commission of each of the aforesaid offenses;

"And it is further presented in and to said Court, that prior to the commission of the aforesaid offenses by the said Earl Gene Tomlin, on the 27th day of February, 1951 in the Criminal District Court of Harris County, Texas in Cause Number 63,783, the said Earl Gene Tomlin, under the name Earl Gene Tomlin was convicted of a felony, to-wit: Theft, and said conviction became final prior to the commission of each of the aforesaid offenses;

"And it is further presented in and to said Court, that prior to the commission of the aforesaid offenses by the said Earl Gene Tomlin, on the 13th day of October, 1948 in the Criminal District Court Number Two of Harris County, Texas in Cause Number 60,216, the said Earl Gene Tomlin, under the name of Earl Gene Tomlin was convicted of a felony, to-wit: Theft, and said conviction became final prior to the commission of each of the aforesaid offenses,"

At the punishment phase of the trial, the jury returned the following verdict with the foreperson's signature affixed to the four paragraphs below:

"We, the Jury, having found the defendant, EARL GENE TOMLIN, Guilty of Burglary of a Habitation, as charged in Count one and Count two of the indictment, further find that the allegations in Count three are true.

/s/_____
Foreperson of the Jury

"We, the Jury, having found the defendant, EARL GENE TOMLIN, Guilty of Burglary of a Habitation, as charged in Count one and Count two of the indictment, further find that the allegations in Count four are true.

/s/_____
Foreperson of the Jury

"We, the Jury, having found the defendant, EARL GENE TOMLIN, Guilty of Burglary of a Habitation, as charged in Count one and Count two of the indictment, further find that the allegations in Count five are true.

/s/_____
Foreperson of the Jury

"We, the Jury, having found the defendant, EARL GENE TOMLIN, Guilty of Burglary of a Habitation, as charged in Count one and Count two of the indictment, further find that the allegations in Count six are true.

/s/_____
Foreperson of the Jury"

During the guilt-innocence stage of the trial appellant gave testimony on cross-examination concerning his prior convictions. The pertinent part of the testimony is as follows:

"Q. [By the State's attorney] It was in nineteen forty eight that you went to prison for two years, but you do not know what you went for?

"A. No, I went to prison on a three year sentence.

"Q. Three, as you recall?

"A. Yes.

"Q. And in nineteen fifty one you got convicted again and you went to

prison on another theft charge for five years?

"A. Yes.

"Q. That was something that you did after you got out of prison the first time?

"A. Yes sir.

"Q. Then in nineteen fifty four you went—you got convicted for burglary and you went for seven years?

"A. Yes.

"Q. And again, that was for something that you did after you got out the second time and you committed an offense and you went up there a third time, is that right?

"A. Yes sir.

"Q. The last time in fifty nine was after you had been there three times and you had the heroin and you went up there a fourth time is that correct?

"A. Yes sir."

During the punishment phase of the trial the penitentiary packets for all four of the alleged prior offenses were admitted into evidence. Before the punishment charge was read to the jury appellant objected to the charge on the ground that the State failed to prove that each prior conviction alleged for habitual offender purposes became final before the offense leading to the next prior conviction was committed. Appellant's objection was overruled.

Appellant is correct in stating that the State must prove that the offense leading to the second conviction was committed after the first conviction became final. *McCarter v. State*, 527 S.W.2d 296, 298 (Tex.Cr.App.1975); *Haines v. State*, 391 S.W.2d 58, 60 (Tex.Cr.App.1965). If the State alleges more than two convictions for habitual offender purposes the terms of Sec. 12.42(d), supra, will be met if there is sufficient evidence for at least two of the convictions. *Carter v. State*, 676 S.W.2d 353 (Tex.Cr.App.1984). The sequence of events must be proved as follows: (1) the first conviction becomes final; (2) the offense leading to a later conviction is committed; (3) the later conviction becomes final; (4) the offense for which defendant presently stands accused is committed. This Court has consistently held that where there is *no* evidence to show that the offenses were committed and became final in the proper sequence, the defendant's sentence may not be enhanced under the State's habitual offender statutes. *Rogers v. State*, 168 Tex.Cr.R. 306, 325 S.W.2d 697 (1959); *Armendariz v. State*, 163 Tex. Cr.R. 515, 294 S.W.2d 98 (1956). In the instant case the jury's findings should be upheld if the State properly proved at least two of the four alleged convictions.

The State may prove the correct sequence in a variety of ways. One way is through the testimony of the defendant himself. For example, in *Rascon v. State*, 496 S.W.2d 99 (Tex.Cr.App.1973), this Court held that where the defendant admits the alleged prior convictions and sufficiently identifies them to satisfy the allegations in the indictment, the State need not put on any further evidence of the convictions. In *Rascon*, supra, as in the instant case, the defendant testified about his prior convictions in the guilt-innocence stage of the trial.

In *Isbell v. State*, 437 S.W.2d 270 (Tex. Cr.App.1969) the defendant's testimony was held to be sufficient to establish that the offense which led to the second prior conviction was committed after the first prior offense became final. The evidence presented was as follows:

"Q. [By the prosecuting attorney] Now, sir, I take it that you went to the penitentiary from Midland on the robbery case and then you got out of the penitentiary and then you committed the forgery and passing in Taylor County in Cause No. 3331–B, in which you were convicted in 1965, is that correct?

"A. Yes, sir."

*Id.* at 271.

In a few cases, this Court has held that the defendant's testimony by itself did not provide sufficient evidence of the proper sequence of events. *Gutierrez v. State*,

555 S.W.2d 457 (Tex.Cr.App.1977); *Linley v. State,* 501 S.W.2d 121 (Tex.Cr.App.1973); *Jones v. State,* 422 S.W.2d 183 (Tex.Cr.App.1967). Unlike the instant case, however, in none of these cases did the defendant admit that the offense leading to the second conviction was committed after the first conviction was final. For example, in *Gutierrez,* supra, the defendant admitted he was tried and convicted of robbery after he served eighteen months for another offense. His testimony did not include a statement that he committed the robbery after he was released from prison.

The Court of Appeals held that the sequence of the 1948 conviction and the 1951 conviction was properly proved by the State through the testimony of appellant. Appellant argues that there is nothing to indicate that the convictions appellant testified about during the guilt-innocence phase were the same convictions contained in the penitentiary packets admitted into evidence during the punishment phase. We need not decide this question because the sequence of the 1951 conviction and the 1954 conviction was properly proved by the State, and these two convictions may be directly linked with their respective penitentiary packets.

The State properly proved the sequence for the 1951 and the 1954 convictions through appellant's testimony and the penitentiary packets. Appellant admitted he was convicted of theft in 1951 and was sentenced to five years. The penitentiary packet indicates that appellant was convicted of theft in 1951 and sentenced to five years. The conviction officially became final on June 22, 1951. Appellant admitted that after he got out of prison on the 1951 theft offense he committed a burglary. He agrees that he was convicted of this burglary in 1954 and received a seven year sentence. The penitentiary packet offered by the State shows a burglary conviction for which appellant received a seven year sentence. This conviction became final on September 21, 1954. Appellant's confession, which was entered into evidence, indicates that the instant offense was committed on January 7, 1983.

Appellant complains on appeal that there is insufficient evidence that the 1954 burglary offense was committed after the 1951 theft conviction became final. Appellant agreed, however, that he committed a 1954 offense after he finished serving his sentence for a 1951 offense. The penitentiary packet notes that appellant did not begin serving the sentence for the 1951 offense until after his appeal was denied and his conviction became final on June 22, 1951. This precludes the possibility that the 1954 burglary offense was committed before the 1951 theft offense became final.

■ Both appellant's testimony and the penitentiary packets state the offense committed, the date of conviction and the punishment received. These three similarities gave the jury enough evidence to determine that appellant's testimony and the penitentiary packets referred to the same offenses. The question presented on appeal must therefore be resolved in favor of the jury's determination. *Martin v. State,* 623 S.W.2d 391 (Tex.Cr.App.1981).

The State proved that appellant was convicted of theft in 1951 as alleged in the indictment, that appellant committed a burglary as alleged in the indictment after the prior conviction became final, that appellant was convicted of this burglary, and that appellant committed the instant offense after the burglary conviction became final. The State, therefore, sustained its burden of proof on the habitual offender allegations.

The decision of the Court of Appeals is affirmed.

CLINTON and TEAGUE, JJ., concur in the result.

ONION, Presiding Judge, concurring.

I join the majority opinion.[1] I would note that in this record, as demonstrated by

---

1. If the prosecutor had used cause numbers, the name of the courts and counties, when interrogating appellant about his prior convictions, many difficulties would have been removed.

recitation in the majority opinion of the jury verdict forms, paragraphs three to six of the indictment were referred to as "counts." These paragraphs alleged prior felony convictions for the enhancement of punishment. They are therefore not "counts" and should not be referred to as such.

In 1942 the Court of Criminal Appeals in *Square v. State*, 145 Tex.Cr.R. 219, 167 S.W.2d 192, 193–194 (1942), explained:

"The indictment did not contain three separate counts. There really was but one count which charged theft, and *the allegations of his former convictions of felonies less than capital were but allegations, when sustained by proof, to enhance his punishment. To refer to such allegations as 'counts' is a loose expression which may appear in some adjudicated cases. The meaning of a 'count' is that it charges a distinct offense,* and where there are more than one count in an indictment, each count must definitely charge the commission of an offense so that the court may submit the case upon either one of the counts which is supported by evidence in order that the punishment prescribed therefore may, upon conviction, be imposed upon the accused. The basis for a conviction in this case rested entirely upon the charge of theft. If the State failed to sustain said allegation by evidence then the allegation of former convictions, no matter how well sustained by evidence, also passed out. In other words, when the main circus folded up and moved out all side shows went with it." (Emphasis supplied.)