NO. 07-03-0534-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



JANUARY 16, 2004



______________________________




MATTHEW TYLER BERRY, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE COUNTY COURT AT LAW NO. 2 OF POTTER COUNTY;



NO. 103,625; HONORABLE PAMELA C. SIRMON, JUDGE



_______________________________



Before JOHNSON, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant Matthew Tyler Berry filed a Motion to Dismiss Appeal on January 13,
2004, averring that he no longer wishes to prosecute his appeal. The Motion to Dismiss
is signed by both appellant and his attorney. 

 Without passing on the merits of the case, appellant's motion for voluntary dismissal
is granted and the appeal is hereby dismissed. Tex. R. App. P. 42.2. Having dismissed 


the appeal at appellant's personal request, no motion for rehearing will be entertained and
our mandate will issue forthwith. 



 Phil Johnson

 Chief Justice
































Do not publish.




="APP">CURTIS LEE SMITH,

                                                                                                 Appellant

v.

THE STATE OF TEXAS,

                                                                                                 Appellee

_________________________________

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B17591-0803; HON. ED SELF, PRESIDING

_______________________________

Memorandum Opinion
__________________________________

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.
          Curtis Lee Smith appeals his conviction of possession of a controlled substance
(cocaine) in an amount of less than one gram. He does so by contending he was not
subject to enhancement as alleged in the indictment. We reverse and remand the
judgment. 
          The State alleged that appellant had previously committed a felony on August 20,
1991, in Cause No. A10855-9109 for which he was sentenced to probation on November
25, 1991, and which probation was revoked on August 5, 1994. The State then alleged
that after the conviction in Cause No. A10855-9109 was final, appellant committed another
felony in Cause No. B11663-9403 for which he was convicted on August 4, 1994. That
felony was committed on March 9, 1994. Because the current offense is a state jail felony,
see Tex. Health & Safety Code Ann. §481.115(b) (Vernon 2003), it is enhanced pursuant
to §12.42(a)(2) of the Penal Code which states: “If it is shown on the trial of a state jail
felony punishable under Section 12.35(a) that the defendant has previously been finally
convicted of two felonies, and the second previous felony conviction is for an offense that
occurred subsequent to the first previous conviction having become final, on conviction the
defendant shall be punished for a second-degree felony.” Tex. Penal Code Ann.
§12.42(a)(2) (Vernon Supp. 2008). 
          The pen packet admitted into evidence shows a judgment revoking probation in
Cause No. A10855-9109 on August 5, 1994. A probated sentence is not a final conviction
for enhancement purposes until it is revoked. Jordan v. State, 36 S.W.3d 871, 875 (Tex.
Crim. App. 2001); Ex parte Murchison, 560 S.W.2d 654, 656 (Tex. Crim. App. 1978). 
Since the first conviction did not become final until August 5, 1994, the second conviction
did not occur prior to the first becoming final. For this reason, the evidence is not legally
sufficient to support the enhancement paragraphs. Tomlin v. State, 722 S.W.2d 702, 705
(Tex. Crim. App. 1987) (stating that when there is no evidence to show the offenses were
committed and became final in the proper sequence, the defendant’s sentence may not
be enhanced). This is true even though appellant pled true to the enhancement
allegations. See Ex parte Rich, 194 S.W.3d 508, 513 (Tex. Crim. App. 2006). Moreover,
the error may not be deemed harmless. Jordan v. State, 256 S.W.3d 286, 292 (Tex. Crim.
App. 2008). Therefore, the judgment must be reversed. 
          Accordingly, we reverse the judgment and remand to the trial court for a new
punishment hearing.


 See Ex parte Rich, 194 S.W.3d at 513 (stating that when there is
error at the punishment phase, the case may be remanded for the proper assessment of
punishment). 
 
                                                                           Brian Quinn 
                                                                          Chief Justice 
Do not publish.