IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






No. PD-0832-04





PATRICK EUGENE HOWELL, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SIXTH COURT OF APPEALS


GREGG COUNTY





 Johnson, J., delivered the opinion for a unanimous Court. Cochran, J.,
filed a concurring opinion.


O P I N I O N



 Appellant was charged by indictment with driving while intoxicated (DWI), including
allegations of having committed and been convicted of two prior DWI offenses. A jury convicted
appellant and sentenced him to 25 years' confinement in the institutional division of the Texas
Department of Criminal Justice. On appeal, the court of appeals affirmed the judgment and sentence
of the trial court. Howell v. State, No. 06-03-00031-CR (Tex. App. - Texarkana, delivered April 28,
2004)(not designated for publication). Appellant petitioned for discretionary review.

 The record reflects that the state did not include in its indictment any allegations of prior non-DWI convictions. The state did file, two weeks before the trial began, notice of its intent to seek
enhancement of the punishment range and specified two prior convictions by which the state sought
to enhance the punishment range to that of a habitual felony offender. 

I


And it is further presented in and to said Court, that prior to the commission of the
offense in this cause (hereinafter called the "primary offense"), on the 20th day of
March, 1986, in cause number 9522, in the 115th Judicial District Court in and for
Upshur County, Texas, the defendant was convicted of the felony offense of Forgery
by Passing; 

II


And it is further presented in and to said Court, that prior to the commission of the
offense in this cause (hereinafter called the "primary offense"), on the 10th day of
November, 1989, in cause number F89-72406-HL2, in the Criminal District Court
#5 in and for Dallas County, Texas, the defendant was convicted of the felony
offense of Unauthorized Use of a Motor Vehicle;


III


That should the jury find from the evidence and say so by their verdict that the
Defendant is the same person previously convicted of the offenses set forth in
paragraph I through II above, the range of punishment for the offense in this cause
shall be punishment by imprisonment in the institutional division of the Texas
Department of Criminal Justice for life, or for any term of not more than ninety-nine
(99) years or less than twenty-five (25) years.


The state concedes that the notice did not contain a specific allegation that the second prior
conviction occurred after the first prior conviction became final, as is required by Tex. Penal Code
§ 12.42(d). At trial, appellant plead "true" to the allegations in the notice.

 On appeal, appellant asserted that the state's evidence "is legally insufficient to demonstrate
that [he] was eligible for punishment as a 'habitual offender' pursuant to Section 12.42(d), Texas
Penal Code." He argued that, because the enhancement allegations failed to allege the sequential-conviction requirements contained in the statute, his plea of true was only as to the existence of the
prior convictions, not that they were in the required sequence. Because the state failed to allege
what it had to prove, the jury was never asked to determine whether the state had proved that the
sequence of the prior convictions satisfied the requirements of section 12.42; the jury was instructed
only to find the notice of enhancement to be true, in spite of the state's failure to allege the required
sequence.

 In addressing appellant's sole claim, the court of appeals stated that appellant's "complaint
on appeal is that the State's notice does not contain those substantive allegations regarding sequential
finality and that the State's notice is, therefore, inadequate to permit the enhanced punishment
assessed by the jury." Howell, supra, slip op. at 3. The court of appeals noted that the failure to
object to an indictment defect prior to trial waives any objection on appeal and held that, because
appellant failed to object to either the form or substance of the state's notice before the beginning
of trial, he failed to preserve the issue presented on appeal. 

If an indictment containing no culpable mental state falls within the requirements of
Article 1.14 of the Texas Code of Criminal Procedure, and if the State may plead
enhancement allegations in a filing ancillary to the indictment, then it follows that
Howell's objection(s) to a defect in the State's notice or other ancillary pleading(s)
should have been raised before trial. Howell failed to do so and thereby failed to
preserve the issue now presented on appeal.


Id. at 3-4. 

 The court of appeals considered the claim only as an issue of defective indictment or notice;
it did not address appellant's point of error that the evidence was legally insufficient to prove that
he was susceptible to punishment as a habitual offender, although appellant clearly presented that
claim.

 We granted appellant's sole ground for review, which asserts that the court of appeals erred
in holding that he had "waived his challenge to the sufficiency of evidence to demonstrate the
sequence of two prior convictions used to enhance his third degree felony to a Habitual Offender
level under § 12.42(d)" of the Penal Code.

 When prior convictions are alleged for habitual-offender punishment purposes, "[t]his Court
has consistently held that, where there is no evidence to show that the offenses were committed and
became final in the proper sequence, the defendant's sentence may not be enhanced under the State's
habitual offender statutes." Tomlin v. State, 722 S.W.2d 702, 705 (Tex. Crim. App. 1987). We have
also said, "A claim regarding sufficiency of the evidence need not be preserved for review at the trial
level and is not waived by the failure to do so." Rankin v. State, 46 S.W.3d 899, 901 (Tex. Crim.
App. 2001).

 The court of appeals erred in not addressing appellant's claim that the state's evidence was
insufficient to support punishment as an habitual offender, in that the state did not prove that the two
prior convictions were sequential in the manner required by statute. We sustain appellant's ground
for review. The judgment of the court of appeals is reversed, and the cause remanded to that court
to address appellant's sufficiency claim.


 Johnson, J.

En banc

Delivered: March 9, 2005

Do not publish