Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

★ ★ ★ ★ ★ ★

# MEMORANDUM OPINION

No. 04-08-00050-CR

Stanley **ALEXANDER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2007-CR-8510
Honorable Sharon MacRae, Judge Presiding

Opinion by:    Catherine Stone, Justice

Sitting:         Alma L. López, Chief Justice
                    Catherine Stone, Justice
                    Sandee Bryan Marion, Justice

Delivered and Filed:  October 15, 2008

AFFIRMED

Stanley Alexander was convicted by a jury of the offense of robbery and sentenced by the trial court to 30 years confinement. On appeal, Alexander argues: (1) the evidence of his prior convictions was improperly admitted against him; (2) the evidence is insufficient to establish the enhancement paragraphs in his indictment; and (3) his rights to due process were violated by the State's prosecutorial vindictiveness. We affirm the trial court's judgment.

## EVIDENCE OF PRIOR CONVICTIONS

Alexander argues that State's exhibit number one at sentencing was inadmissible as evidence of his prior convictions at sentencing because the sentences contained in the exhibit lack an attached judgment. Because Alexander raises this particular argument for the first time on appeal, the argument was not properly preserved for appellate review. *See* TEX. R. APP. P. 33.1. We do note, however, that Article 37.07(3)(a) has been amended to omit the requirement that evidence of a defendant's prior criminal record include evidence of only final convictions. *See* TEX. CODE CRIM. PROC. ANN. art. 37.07 § 3(a) (Vernon Supp. 2008). Prior convictions can be proven using any reliable evidence to show that: (1) a prior conviction exists; and (2) the defendant is linked to that conviction. *Flowers v. State*, 220 S.W.3d 919, 921 (Tex. Crim. App. 2007) (holding no "best evidence" rule in Texas requires the fact of a prior conviction to be proven with any document, much less any specific document). We review the trial court's decision to admit evidence under an abuse of discretion standard, and we will reverse only if we determine the trial court's decision was arbitrary and unreasonable. *State v. Mechler*, 153 S.W.3d 435, 439 (Tex. Crim. App. 2005). Here State's exhibit one was evidence of a prior conviction and was linked to Alexander by fingerprints. Therefore, even if error had been preserved, the trial court would not have abused its discretion in admitting exhibit one at sentencing nor in using the exhibit as evidence that Alexander was a habitual offender.

## EVIDENCE OF THE HABITUAL OFFENDER ENHANCEMENT

Alexander next contends there is insufficient evidence for the trial court to find that he was a habitual offender. Section 12.42(d) of the Penal Code provides:

> If it is shown on the trial of a felony offense other than a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of

two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by imprisonment in the institutional division of the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years.

TEX. PENAL CODE ANN. § 12.42(d) (Vernon Supp. 2008).

The trial court relied on exhibit one to establish that Alexander was a habitual offender based on Alexander's two prior convictions for possession of cocaine. Alexander contends both of his convictions for possession of cocaine list the same date of sentencing and, therefore, the evidence does not establish the proper sequence that must be proven by the State. "The sequence of events must be proved as follows: (1) the first conviction becomes final; (2) the offense leading to a later conviction is committed; (3) the later conviction becomes final; (4) the offense for which defendant presently stands accused is committed." *Tomlin v. State*, 722 S.W.2d 702, 705 (Tex. Crim. App. 1987). State's exhibit one establishes that Alexander's first felony conviction for possession of cocaine (case number 373-092 in exhibit one) became final when his probation was revoked and he was sentenced to four years on January 10, 1997. Alexander committed his second offense for possession with the intent to distribute cocaine (case number 397-138 in exhibit one) on February 27, 1998, after the first felony became final. This second felony became final on August 19, 1999, when he was sentenced to forty months in custody, which was before the commission of the offense for which Alexander was on trial. Therefore, the evidence is sufficient to support the trial court's finding that Alexander was a habitual offender because he had previously been finally convicted of two felony offenses. *See Tomlin*, 722 S.W.2d at 705.

## PROSECUTORIAL VINDICTIVENESS

Finally, Alexander claims that the State acted vindictively by re-indicting him with the additional enhancement paragraphs after his mistrial due to a hung jury. Alexander contends the State's re-indictment should be presumed to be vindictive because the enhancements put him at risk for greater punishment as a result of the initial mistrial. It is a violation of due process for the State to add additional criminal charges in retaliation for the defendant's exercise of his legal rights. *Blackledge v. Perry*, 417 U.S. 21, 28-29 (1974). If, following a defendant's successful appeal, the State increases the charge, the increased charge is presumed to be the result of prosecutorial vindictiveness because it functions to chill the defendant's right to appeal. *Neal v. State*, 150 S.W.3d 169, 173 (Tex. Crim. App. 2004). The State can rebut the presumption of vindictiveness by giving an explanation for the increased charges which is unrelated to the defendant's exercise of his legal right to appeal. *Id.*

Alexander argues that the State's decision to add the enhancement paragraphs after the mistrial constitutes prosecutorial vindictiveness. However, the presumption of vindictiveness does not apply unless the defendant exercises a statutory or constitutional right to review by a higher court. *See Castleberry v. State*, 704 S.W.2d 21, 24 (Tex. Crim. App. 1984). Alexander's mistrial was the result of a hung jury; therefore, no presumption of vindictiveness arose. Because Alexander presented no other evidence that the State acted vindictively in adding the enhancement paragraphs, Alexander's complaint on appeal is overruled.

## CONCLUSION

The judgment of the trial court is affirmed.

Catherine Stone, Justice

Do Not Publish