NO. 07-08-0516-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 14, 2009

_____

CURTIS LEE SMITH,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 242ND DISTRICT COURT OF HALE COUNTY;

NO. B17591-0803; HON. ED SELF, PRESIDING

_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Curtis Lee Smith appeals his conviction of possession of a controlled substance (cocaine) in an amount of less than one gram. He does so by contending he was not subject to enhancement as alleged in the indictment. We reverse and remand the judgment.

The State alleged that appellant had previously committed a felony on August 20, 1991, in Cause No. A10855-9109 for which he was sentenced to probation on November 25, 1991, and which probation was revoked on August 5, 1994. The State then alleged that after the conviction in Cause No. A10855-9109 was final, appellant committed another felony in Cause No. B11663-9403 for which he was convicted on August 4, 1994. That felony was committed on March 9, 1994. Because the current offense is a state jail felony, *see* TEX. HEALTH & SAFETY CODE ANN. §481.115(b) (Vernon 2003), it is enhanced pursuant to §12.42(a)(2) of the Penal Code which states: "If it is shown on the trial of a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felonies, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished for a second-degree felony." TEX. PENAL CODE ANN. §12.42(a)(2) (Vernon Supp. 2008).

The pen packet admitted into evidence shows a judgment revoking probation in Cause No. A10855-9109 on August 5, 1994. A probated sentence is not a final conviction for enhancement purposes until it is revoked. *Jordan v. State,* 36 S.W.3d 871, 875 (Tex. Crim. App. 2001); *Ex parte Murchison,* 560 S.W.2d 654, 656 (Tex. Crim. App. 1978). Since the first conviction did not become final until August 5, 1994, the second conviction did not occur prior to the first becoming final. For this reason, the evidence is not legally sufficient to support the enhancement paragraphs. *Tomlin v. State,* 722 S.W.2d 702, 705 (Tex. Crim. App. 1987) (stating that when there is no evidence to show the offenses were committed and became final in the proper sequence, the defendant's sentence may not

be enhanced). This is true even though appellant pled true to the enhancement allegations. *See Ex parte Rich,* 194 S.W.3d 508, 513 (Tex. Crim. App. 2006). Moreover, the error may not be deemed harmless. *Jordan v. State,* 256 S.W.3d 286, 292 (Tex. Crim. App. 2008). Therefore, the judgment must be reversed.

Accordingly, we reverse the judgment and remand to the trial court for a new punishment hearing.[1] *See Ex parte Rich,* 194 S.W.3d at 513 (stating that when there is error at the punishment phase, the case may be remanded for the proper assessment of punishment).

Brian Quinn
Chief Justice

Do not publish.

---

[1]The State concedes that the enhancement was improper and that the cause should be remanded for a new punishment hearing.