In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00206-CR

                                                ______________________________

 

 

                                EDDIE WAYNE WILLIAMS,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 336th
Judicial District Court

                                                             Fannin County, Texas

                                                      Trial Court No. CR-10-23546

 

                                                   
                                               

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            Eddie Wayne
Williams was convicted of the state jail felony of attempted theft of property
of a value between $20,000.00 and $100,000.00. 
See Tex. Penal Code Ann. § 15.01(d) (West 2010), § 31.03(e)(5)
(West Supp. 2011).  After Williams’
sentence was enhanced with two prior offenses, he was sentenced to twenty
years’ incarceration.  On appeal,
Williams argues only that the evidence was insufficient to prove the necessary
sequencing of the enhancement allegations. 
See Tex. Penal Code Ann. § 12.42(a)(2) (West Supp. 2011).  Because we agree with Williams, we reverse
his sentence and remand this case for a new punishment trial.

            The
only issue before us involves punishment enhancement, so we need not recount
the details of the underlying offense for which Williams has been
sentenced.  As the two enhancements, the
State’s indictment alleged that (1) Williams had been convicted in cause number
CF-2003-281, in Bryan County, Oklahoma, for the felony offense of child sexual
abuse, and (2) after that conviction had become final and before commission of
the theft offense alleged in the instant indictment, Williams had committed the
felony offense of failure to register as a sex offender and was convicted of
that charge in cause number CF-2005-298, also in Bryan County, Oklahoma.  

            At
the punishment phase of trial, the State offered proof of the two enhancement
allegations, in the form of judgments and sentences from the District Court in
Bryan County, Oklahoma.  A judgment and
sentence for the child sexual abuse offense was dated February 18, 2004.  Nothing in the record shows that this
sentence was appealed, so it is presumed final. 
See Johnson v. State, 784 S.W.2d 413, 414
(Tex. Crim. App. 1990).

            The
second prior conviction alleged for enhancement is for a conviction of failure
to register as a sex offender—a sentence pronounced May 4, 2007, with a
judgment file-stamped June 19, 2007.[1]  Nothing in the record indicates when this
second enhancement offense was committed.

            The
State must prove beyond a reasonable doubt “that a defendant’s second previous
felony conviction was committed after the defendant’s first previous felony
conviction became final.”  Jordan v. State, 256 S.W.3d 286, 290–91
(Tex. Crim. App. 2008); see also Tex. Penal Code Ann. §
12.42(a)(2).  “[W]here there is no evidence to show that the offenses
were committed and became final in the proper sequence, the defendant’s
sentence may not be enhanced under the State’s habitual offender
statutes.”  Tomlin v. State, 722 S.W.2d 702, 705 (Tex. Crim. App. 1987); see Jordan,
256 S.W.3d 289 (enhancement with two Oklahoma convictions, improper without
evidence showing when second enhancement offense was committed).

            Here,
there was no evidence of when the failure-to-register offense occurred.  The State suggests[2]
that the jury could have inferred the offense of failure to register as a sex
offender occurred after the first enhancement allegation became final.  The State directs us to the testimony of
Oklahoma Special Agent Morris Stewart, who investigated the sexual-abuse-of-a-child
case.  Stewart described his opinion of
the jury deliberations and testified the jury on that case assessed a
relatively short sentence, effectively time served, as a result of jury
compromise, and because Williams would then “have to register as a sex offender
after that point.”  Thus, the State
argues, the jury could have reasonably inferred Williams failed to register as
a sex offender only after the previous conviction was final.  Aside from the question of whether such an
inference is sufficient to establish proof beyond a reasonable doubt, we find
that such an “inference” does not necessarily follow.  Although neither party has submitted or
briefed Oklahoma law on this matter, Williams’ duty to register could have
arisen subsequent to his conviction, but before any period for appeal expired
and his first conviction became final.

            The
State also argues that Williams’ obligation to register as a sex offender was
the result of the conviction that was the basis of the first enhancement
allegation, his conviction for sexual abuse of a child.  This is a logical reading of Williams’
criminal history, and there are no other explicit indications of any other
sexual offenses in the evidence of Williams’ other convictions.  However, in the Oklahoma pen packet is an FBI
fingerprint card, on the back of which is the notation “FAILURE TO REGISTER AS
SEX OFFENDER—FELONY IN 1997” under the caption “charge citation,” with no
explanation.  Williams’ argument also
fails to consider the possibility that Williams had to register before the
sexual abuse conviction became final (and therefore could have been committed
before such finality).

            The
State directs us to no authority for its argument that circumstantial evidence
is sufficient to prove beyond a reasonable doubt that the second enhancement
allegation was committed after the finality of the first enhancement.  We do not disagree that circumstantial
evidence can establish proof beyond a reasonable doubt.  Nonetheless, “sufficiency of the evidence
with regard to a conviction and sufficiency with regard to a prior conviction
alleged for enhancement purposes involve very different considerations.”  Jordan,
256 S.W.3d at 292.  Here, the State
presented no evidence of the commission date of the second enhancement offense;[3]
therefore, even presuming the finality of the first enhancement allegation, the
State failed in its burden of proof regarding the sequence of its enhancement
allegations.  See id. at 290–91; Tomlin, 722 S.W.2d at 705.

            We
reverse the trial court’s sentence and remand for a new hearing on punishment.[4]

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          January
4, 2012           

Date Decided:             January
5, 2012

 

Do Not Publish

 











[1]Specifically,
that judgment revoked Williams’ suspended sentence and sentenced him to a
period of incarceration.

 





[2]The
State concedes that “there is no direct evidence” of the offense date for the
second enhancement allegation.  





[3]One
State’s witness did say that following his conviction for child sexual assault
Williams was ordered to serve nine months in a county jail then register as a
sex offender; but this still does not prove that the failure to register was
committed after the child sexual assault conviction became final.  And the witness’ testimony is confusing:  he first says Williams served the nine months
in county jail, then agrees with the State’s question that the time was served
in the penitentiary.

  





[4]The
Double Jeopardy Clause does not bar the use of the same enhancement conviction
during a retrial on punishment.  Jordan, 256 S.W.3d at 292 (citing Monge v. California, 524 U.S. 721, 734
(1998)).