

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-10-00206-CR

_____

EDDIE WAYNE WILLIAMS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 336th Judicial District Court
Fannin County, Texas
Trial Court No. CR-10-23546

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Eddie Wayne Williams was convicted of the state jail felony of attempted theft of property of a value between $20,000.00 and $100,000.00.  *See* TEX. PENAL CODE ANN. § 15.01(d) (West 2010), § 31.03(e)(5) (West Supp. 2011).  After Williams' sentence was enhanced with two prior offenses, he was sentenced to twenty years' incarceration.  On appeal, Williams argues only that the evidence was insufficient to prove the necessary sequencing of the enhancement allegations. *See* TEX. PENAL CODE ANN. § 12.42(a)(2) (West Supp. 2011).  Because we agree with Williams, we reverse his sentence and remand this case for a new punishment trial.

The only issue before us involves punishment enhancement, so we need not recount the details of the underlying offense for which Williams has been sentenced.  As the two enhancements, the State's indictment alleged that (1) Williams had been convicted in cause number CF-2003-281, in Bryan County, Oklahoma, for the felony offense of child sexual abuse, and (2) after that conviction had become final and before commission of the theft offense alleged in the instant indictment, Williams had committed the felony offense of failure to register as a sex offender and was convicted of that charge in cause number CF-2005-298, also in Bryan County, Oklahoma.

At the punishment phase of trial, the State offered proof of the two enhancement allegations, in the form of judgments and sentences from the District Court in Bryan County, Oklahoma.  A judgment and sentence for the child sexual abuse offense was dated February 18,

2

2004.  Nothing in the record shows that this sentence was appealed, so it is presumed final.  *See*

*Johnson v. State*, 784 S.W.2d 413, 414 (Tex. Crim. App. 1990).

The second prior conviction alleged for enhancement is for a conviction of failure to register as a sex offender—a sentence pronounced May 4, 2007, with a judgment file-stamped June 19, 2007.[1]  Nothing in the record indicates when this second enhancement offense was committed.

The State must prove beyond a reasonable doubt "that a defendant's second previous felony conviction was committed after the defendant's first previous felony conviction became final."  *Jordan v. State*, 256 S.W.3d 286, 290–91 (Tex. Crim. App. 2008); *see also* TEX. PENAL CODE ANN. § 12.42(a)(2).  "[W]here there is *no* evidence to show that the offenses were committed and became final in the proper sequence, the defendant's sentence may not be enhanced under the State's habitual offender statutes."  *Tomlin v. State*, 722 S.W.2d 702, 705 (Tex. Crim. App. 1987); *see Jordan*, 256 S.W.3d 289 (enhancement with two Oklahoma convictions, improper without evidence showing when second enhancement offense was committed).

Here, there was no evidence of when the failure-to-register offense occurred.  The State suggests[2] that the jury could have inferred the offense of failure to register as a sex offender occurred after the first enhancement allegation became final.  The State directs us to the testimony of Oklahoma Special Agent Morris Stewart, who investigated the sexual-abuse-of-a-child case.

---

[1] Specifically, that judgment revoked Williams' suspended sentence and sentenced him to a period of incarceration.

[2] The State concedes that "there is no direct evidence" of the offense date for the second enhancement allegation.

3

Stewart described his opinion of the jury deliberations and testified the jury on that case assessed a relatively short sentence, effectively time served, as a result of jury compromise, and because Williams would then "have to register as a sex offender after that point." Thus, the State argues, the jury could have reasonably inferred Williams failed to register as a sex offender only after the previous conviction was final. Aside from the question of whether such an inference is sufficient to establish proof beyond a reasonable doubt, we find that such an "inference" does not necessarily follow. Although neither party has submitted or briefed Oklahoma law on this matter, Williams' duty to register could have arisen subsequent to his conviction, but before any period for appeal expired and his first conviction became final.

The State also argues that Williams' obligation to register as a sex offender was the result of the conviction that was the basis of the first enhancement allegation, his conviction for sexual abuse of a child. This is a logical reading of Williams' criminal history, and there are no other explicit indications of any other sexual offenses in the evidence of Williams' other convictions. However, in the Oklahoma pen packet is an FBI fingerprint card, on the back of which is the notation "FAILURE TO REGISTER AS SEX OFFENDER—FELONY IN 1997" under the caption "charge citation," with no explanation. Williams' argument also fails to consider the possibility that Williams had to register before the sexual abuse conviction became final (and therefore could have been committed before such finality).

The State directs us to no authority for its argument that circumstantial evidence is sufficient to prove beyond a reasonable doubt that the second enhancement allegation was committed after the finality of the first enhancement. We do not disagree that circumstantial evidence can establish proof beyond a reasonable doubt. Nonetheless, "sufficiency of the evidence with regard to a conviction and sufficiency with regard to a prior conviction alleged for enhancement purposes involve very different considerations." *Jordan*, 256 S.W.3d at 292. Here, the State presented no evidence of the commission date of the second enhancement offense;[3] therefore, even presuming the finality of the first enhancement allegation, the State failed in its burden of proof regarding the sequence of its enhancement allegations. *See id.* at 290–91; *Tomlin*, 722 S.W.2d at 705.

We reverse the trial court's sentence and remand for a new hearing on punishment.[4]

Josh R. Morriss, III
Chief Justice

Date Submitted:    January 4, 2012
Date Decided:      January 5, 2012

Do Not Publish

---

[3]One State's witness did say that following his conviction for child sexual assault Williams was ordered to serve nine months in a county jail then register as a sex offender; but this still does not prove that the failure to register was committed after the child sexual assault conviction became final. And the witness' testimony is confusing: he first says Williams served the nine months in county jail, then agrees with the State's question that the time was served in the penitentiary.

[4]The Double Jeopardy Clause does not bar the use of the same enhancement conviction during a retrial on punishment. *Jordan*, 256 S.W.3d at 292 (citing *Monge v. California*, 524 U.S. 721, 734 (1998)).